712 So.2d 653 (1998)
Terry AUSAMA, Joan B. Broussard, Carol J. Butler, Mary Ethel Butler, Esther Calloway and her Husband, Freddie Calloway, Darlene E. Carbins and her Husband, Christopher Carbins, Floyd Carbins, Jr., Jacqueline L. Carbins, Tonia Ronell Carbins, Shirley J. Francis, Michael P. Granger, Sr., and his Wife, Phyllis P. Granger, Margie C. Johnson and her Husband, Alvin Johnson, Jr., Chriss G. Knight and her Husband, Ernest Knight, Marvin Joe Lewis, Dorothy Carbins Livas, Carolyn B. Long and Reginald Long, Sr., Husband and Wife, Keith J. McGee, Sr., and Sherri B. McGee, Husband and Wife, Joelle J. Seymore, Rosetta W. Triggs, Andrew Washington and Ursula J. Washington, Husband and Wife, and Barbara S. Turner and her Husband, Roland Turner, Sr.
v.
FRONTIER PUBLIC COACH TOURS, INC., Clarendon National Insurance Company, Jessie W. Soley, First Pentecostal Church of Hammond, Inc., Carl West, and Prudential Property and Casualty Insurance Company.
No. 97 CA 1271.
Court of Appeal of Louisiana, First Circuit.
May 15, 1998.
*654 R. Scott Ramsey, Jr., Morgan City, for PlaintiffsAppellees.
Marvin Hall Metairie, for Defendants Appellants Clarendon Insurance Co. and Frontier Public Coach Tours, Inc.
Before LOTTINGER, C.J., and SHORTESS and FOGG, JJ.
FOGG, Judge.
In this suit for damages, the salient issues raised by an exception of improper venue are whether a plaintiff's uninsured/underinsured motorist carrier and a tortfeasor are solidary obligors, and whether a plaintiff's uninsured/underinsured motorist carrier and a tortfeasor's liability carrier are solidary obligors.
This case involves an alleged bus accident that occurred in Lafayette, Louisiana, on or about July 22, 1995. There were approximately thirty-two passengers on the bus that was on a casino junket. On April 25, 1996, twenty-seven of these passengers and their spouses filed suit for personal injuries by cumulating their claims in a single petition against Frontier Public Coach Tours, Inc. ("Frontier"), Clarendon National Insurance Company ("Clarendon"), Jessie W. Soley, First Pentecostal Church of Hammond, Inc. ("First Pentecostal"), Carl West, and Prudential Property and Casualty Insurance Company ("Prudential"). That suit was filed in St. Mary Parish.
Therein, petitioners asserted that, at the time of the accident, West, the driver of the bus, was employed by Frontier, Soley, and/or First Pentecostal, all of which are domiciled in Tangipahoa Parish. Petitioners asserted that Clarendon provided automobile liability insurance to Frontier, Soley, First Pentecostal and West. Clarendon's principal place of business is Tangipahoa Parish. Petitioners averred further that Prudential provided uninsured/underinsured motorist ("UM") coverage to one of the petitioners, Shirley J. Francis, at the time of the accident. The petition further alleged that the defendants are liable, jointly, severally and in solido.
On June 10, 1996, a judgment of preliminary default was entered against defendants, Soley, West, and First Pentecostal as they had failed to answer both the original petition and the First Supplemental and Amending Petition.[1]
On August 26, 1996, Frontier and Clarendon filed a declinatory exception raising the *655 objection of improper venue. After hearing the matter the trial court rendered judgment denying the exception. Frontier and Clarendon appeal that judgment.
Resolution of this case hinges upon a determination of whether St. Mary Parish was a proper venue. Specifically, at issue is whether Prudential, Francis's UM carrier, is a solidary obligor with Frontier, the tortfeasor, and with Clarendon, the defendants' liability carrier. On appeal, appellants also contend that the cumulation of these plaintiffs is improper because venue is not proper to each individually as required by LSA-C.C.P. art. 463(2). We do not reach this issue as no exception of improper cumulation was timely filed.
Both Frontier and Clarendon are domiciled in Tangipahoa Parish. Therefore, venue is proper for these defendants in either Tangipahoa Parish or Lafayette Parish, where the accident occurred. LSA-C.C.P. arts. 42 and 74. However, as to the UM carrier, LSA-C.C.P. art. 76 provides:
An action on a life insurance policy may be brought in the parish where the deceased died, the parish where he was domiciled, or the parish where any beneficiary is domiciled.
An action on a health and accident insurance policy may be brought in the parish where the insured is domiciled, or in the parish where the accident or illness occurred.
An action on any other type of insurance policy may be brought in the parish where the loss occurred or the insured is domiciled.
St. Mary Parish, therefore, was a proper venue for Francis's suit against her UM carrier, because the suit is an action on an insurance policy brought by an insured in the parish of his domicile. Kellis v. Farber, 523 So.2d 843 (La.1988).
With respect to the issue of solidary obligors, LSA-C.C.P. art. 73(A) provides:
An action against joint or solidary obligors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiff's domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203.
Therefore, pursuant to articles 73 and 76, it is clear that, if the defendants in this case are solidary obligors, St. Mary Parish is a proper venue.
Pursuant to Hoefly v. Government Employees Ins. Co., 418 So.2d 575 (La.1982), a plaintiff's UM carrier and the tortfeasor are solidary obligors. The Louisiana Supreme Court in Hoefly stated:
The question presented by this case is whether an automobile accident victim's uninsured motorist carrier is solidarily obliged with the tortfeasor so that the victim's timely suit against the latter interrupts prescription with regard to the insurer. The court of appeal affirmed the trial court's judgment sustaining the insurer's plea of prescription, holding that the plaintiffs' timely suit against two tortfeasors, one uninsured and another underinsured, failed to interrupt prescription because the uninsured motorist insurer and the tortfeasors were not solidary obligors. We reverse. An obligation is solidary among debtors when they are obliged to the same thing, so that each may be compelled for the whole, and when payment by one exonerates the other toward the creditor. When these characteristics result from provisions of law, as in the case of the obligation of the tortfeasor and uninsured motorist carrier, an obligation in solido exists without requiring an express declaration. Consequently, the plaintiff's timely and properly filed suit against the tortfeasors interrupted prescription as to his uninsured motorist carrier.
Hoefly, 418 So.2d at 576.
In 1996, the supreme court rendered the case of Rizer v. American Sur. and Fidelity Ins. Co., 95-1200 (La.3/8/96); 669 So.2d 387 (La.1996). Therein, the court resolved the issue of whether a plaintiff's UM carrier and the tortfeasor's motor vehicle liability carrier are solidarily liable as follows:

*656 It is clear that the obligation of the uninsured motorist carrier does not begin until the obligation under the tortfeasor's motor vehicle liability policy ends; there is no overlap. Since an uninsured motorist carrier and a tortfeasor's motor vehicle liability insurer each has a separate obligation which is not coextensive, they are not liable for the same thing. Therefore, the two are not solidary obligors.
Rizer, 669 So.2d at 390.
Neither of these cases has been overruled. Therefore, as the law exists today, under Hoefly, a tortfeasor and a plaintiff's UM carrier are solidary obligors; under Rizer, a tortfeasor's motor vehicle liability insurer and a plaintiff's UM carrier are not solidary obligors. In Rizer, the court discussed much of the language of Hoefly without explicitly or implicitly overruling Hoefly.
In the instant case, Frontier's fate is governed by Hoefly; as Frontier is solidarily liable with Prudential, venue is proper in St. Mary Parish. As to Clarendon, like in Rizer, we are questioning the status of the obligations of the tortfeasors' liability insurers and that of the UM carrier. Hence, it is the principles in Rizer that apply. Under Rizer, Prudential and Clarendon are not solidary obligors. Therefore, as to Clarendon venue is improper in St. Mary Parish.
Applying the above laws would result in a transfer of Clarendon, the insurer, to Tangipahoa Parish, while Frontier, the insured, remains in St. Mary Parish along with all other defendants. Clearly, such a result would not serve the interests of justice. Rather liberally construing these articles to allow the entire case to be tried in the same venue is the only logical solution. See LSA-C.C.P. art. 5051. After carefully considering the above, we find that the trial court did not err in denying the objection of improper venue.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Although this resulted in a waiver of their right to object to venue, it did not deprive the remaining solidary obligors of the opportunity to raise an improper venue objection. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992).