## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-473

**DAMION COMEAUX**

**VERSUS**

**AUSTIN J. ROMERO, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 97404
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## MARC T. AMY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Daniel J. Balhoff**
**Perry, Atkinson, Balhoff,**
**Mengis, Burns & Ellis, LLC**
**Post Office Drawer 83260**
**Baton Rouge, LA   70884-3260**
**(225) 767-7730**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
      **Damion Comeaux**

**J. Chandler Loupe**
**McKernan Law Firm**
**5630 Bankers Avenue**
**Baton Rouge, LA   70808**
**(225) 767-2222**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Damion Comeaux**

**Valerie T. Schexnayder**
**Robicheaux & Collins**
**450 Laurel Street, Suite 1701**
**Baton Rouge, LA   70801**
**(225) 382-5550**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Zurich American Insurance Company**

**Karen Day White**
**Louisiana Municipal Association**
**700 North Tenth Street, Suite 440**
**Baton Rouge, LA   70802**
**(225) 334-5001**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **City of Abbeville**
    **The Louisiana Municipal Association**
    **Austin J. Romero**
    **Abbeville Police Department**

**AMY, Judge.**

The plaintiff filed suit against the defendant driver and defendant governmental entities following an automobile accident. The plaintiff also filed suit against the uninsured motorist insurance provider for the vehicle he was driving at the time of the accident. The initial suit, filed in an improper venue for the governmental defendants, was allegedly only timely served on the insurer. After the matter was transferred to the proper venue and, after the plaintiff filed a second, separate suit in that venue, the defendant driver and the governmental defendants filed exceptions of prescription. The trial court sustained the exceptions, dismissing the plaintiff's claim against the defendant driver and the governmental defendants. The trial court further sustained exceptions of no cause of action, dismissing a named municipal association. The plaintiff appeals. Additionally, the UM insurance provider appeals the exception of prescription rendered in the initial suit.

### Factual and Procedural Background

These four, unconsolidated matters,[1] stem from two separate, but factually identical suits filed following a June 9, 2012 intersectional collision in Vermilion

---

[1] We review the four judgments appealed collectively herein. However, we render four separate decrees under four companion docket numbers, reflective of the specific judgment on appeal under each docket number.

*See Damion Comeaux v. Austin J. Romero, et al.*, 15-473 (La.App. 3 Cir. _/_/_), _ So.3d _ (wherein this court affirms the judgment on the exception of no cause of action rendered in trial court docket number 97404).

*See Damion Comeaux v. Austin J. Romero, et al.*, 15-474 (La.App. 3 Cir. _/_/_), _ So.3d _ (wherein this court affirms the judgment on the exception of prescription rendered in trial court docket number 97404).

*See Damion Comeaux v. Austin J. Romero, et al.*, 15-475 (La.App. 3 Cir. _/_/_), _ So.3d _ (wherein this court affirms the judgment on the exception of no cause of action rendered in trial court docket number 98981).

Parish. The plaintiff, Mr. Comeaux, alleges that he was injured when a vehicle operated by Austin Romero and owned by the Abbeville Police Department and/or the City of Abbeville failed to stop at a stop sign and collided with the vehicle he was driving. The latter vehicle was owned by Mr. Comeaux's employer, Eagleton Engineering, LLC, and insured by Zurich American Insurance Company.

On May 16, 2013, Mr. Comeaux filed suit in East Baton Rouge Parish and named as defendants Mr. Romero, the Abbeville Police Department, the City of Abbeville, the Louisiana Municipal Association (the LMA), and Zurich. The plaintiff alleged that the vehicle driven by Mr. Romero "was covered by an automobile liability insurance policy which had been sold and delivered by [the LMA]." Zurich was listed in its capacity as a UM insurance provider. The plaintiff alleged that the defendants were solidarily liable for his injuries, which included bodily injuries and associated general and special damages.

The City responded with an exception of improper venue, referencing La.R.S. 13:5104(B).[2] The East Baton Rouge Parish trial court sustained the exception of improper venue and ordered that the matter be transferred to the Fifteenth Judicial District Court. However, it did so on the condition that the defendants waive any defense regarding prescription. Upon the City's application, the First Circuit Court of Appeal granted the City's application for supervisory

---

See *Damion Comeaux v. Austin J. Romero, et al.*, 15-476 (La.App. 3 Cir. _/_/_), _ So.3d _ (wherein this court reverses the judgment on the exception of prescription rendered in trial court docket number 98981 and remands the matter to the trial court for reinstatement of the plaintiff's claims against the City of Abbeville, Abbeville Police Department, and Austin J. Romero).

[2] Louisiana Revised Statutes 13:5104(B) provides:

All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.

writs and vacated "those portions of the trial court's judgment . . . which ordered that the defendants are required to waive any defense that they may have regarding prescription." *Comeaux v. Romero, et al.*, 13-2057 (La.App. 1 Cir. 2/27/14) (an unpublished writ decision). The first circuit maintained the sustaining of the exception of improper venue and ordered the entirety of the case be transferred "to Vermilion Parish pursuant to La. Code Civ. P. art. 121 in compliance with La. R.S. 13:5401(B)." *Id.* Upon transfer to Vermilion Parish, the East Baton Rouge suit was assigned Fifteenth Judicial District Court docket number 98981.

Prior to the transfer, the plaintiff filed a corresponding suit in Vermilion Parish. That suit, filed July 1, 2013 (assigned Fifteenth Judicial District Court docket number 97404) involved the same parties as well as the repeated demands against Zurich, as the UM provider. The cases proceeded alongside one another, with corresponding filings under the separate docket numbers.

Under both docket numbers, the LMA filed exceptions of no cause of action and noted that the plaintiff alleged that it was solidarily liable with the other defendants under a right of direct action theory. *See* La.R.S. 22:1269. However, the LMA asserted that the City is self-insured and participates in the Louisiana Municipal Risk Management Agency (the LMRMA), created pursuant to La.R.S. 33:1345, which provides that:

> An interlocal risk management agency is not an insurance company or an insurer under the laws of this state and the development and administration by such agency of one or more group self insurance funds shall not constitute doing an insurance business. Intergovernmental agreements providing for the creation and maintenance of an interlocal risk management agency shall not be deemed to constitute insurance as defined by [La.]R.S. 22:46, nor shall the interlocal risk management agency or the development of a group self insurance fund be subject to the provisions of Title 22, Chapter 1, of the Louisiana Revised Statutes of 1950.

The LMA observed that, while its wholly-owned subsidiary is a service agent and manager of the LMRMA, jurisprudence indicates that the LMRMA is "not amenable to direct action under the provisions of La.R.S. 22:655 [renumbered to La.R.S. 22:1269]." *Quoting Lonzo v. Town of Marksville*, 430 So.2d 1088, 1094 (La.App. 3 Cir.), *writ denied*, 438 So.2d 573 (La.1983), *writ denied*, 538 So.2d 576 (La.1983), *writ denied*, 438 So.2d 576 (La.1983) (citing *Logan v. Hollier*, 424 So.2d 1279 (La.App. 3 Cir. 1982)). Thus, the LMA argued in its exception that "if there is no action against the LMRMA, then there is no action against the LMA, who owns the entity that manages the LMRMA fund."

Additionally, and in both cases, Romero, the City, and the Police Department filed exceptions of prescription asserting that the matters had prescribed pursuant to La.Civ.Code art. 3492 (providing that: "Delictual actions are subject to liberative prescription of one year."). With regard to docket number 98981 (transferred from East Baton Rouge Parish), the governmental defendants referenced La.Civ.Code art. 3462, which provides that:

> Prescription is interrupted when the owner commences action against the possession, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. *If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.*

(Emphasis added.) Noting that the case had been filed in an improper venue, the governmental defendants suggested that the applicable, one year prescriptive period required service by June 10, 2013. Yet, the governmental defendants represented in their supporting memorandum that the City and Police Department were served on June 14, 2013, and Mr. Romero was served on June 19, 2013. As

4

no exceptor was served within the prescriptive period, they argued, the plaintiff's claims against them prescribed in that initial suit.

With regard to docket number 97404, the governmental defendants noted that the underlying automobile accident occurred on June 9, 2012, yet the entirely separate suit was not filed in Vermilion Parish until July 8, 2013. Again referencing the one-year prescriptive period for delictual actions provided by La.Civ.Code art. 3492, the governmental defendants urged dismissal of the suit as prescribed.

In opposition to the exceptions of prescription in both cases, the plaintiff asserted that Zurich had been served by process within the prescriptive period and that East Baton Rouge was the correct venue for the UM insurer. The plaintiff argued that since Zurich was alleged to be the solidary obligor of the tortfeasor, prescription was interrupted as to all defendants. In support, the plaintiff referenced *Hoefly v. Gov't Employees Ins. Co.*, 418 So.2d 575 (La.1982), wherein the supreme court determined that the timely filing of suit against a tortfeasor interrupted prescription as to a UM insurer, a solidary obligor. The plaintiff did not make a distinction between the East Baton Rouge Parish matter, in which he argued that the timely service arguably interrupted prescription, and the separately filed Vermilion Parish suit filed more than one year after the accident. Instead, the plaintiff urged the trial court to consider the records from both venues. The matters were not, however, consolidated.

Additionally, the plaintiff filed motions for summary judgment in both cases seeking a determination that Zurich's "uninsured/underinsured motorist policy provides first dollar coverage for Romero's fault (i.e., Zurich will receive no credit as a result of the Business Auto Coverage Agreement provided by LMRMA)."

5

The plaintiff argued that, because the LMRMA is not an insurer by the wording La.R.S. 33:1345 and as urged by the LMA in its exceptions of no cause of action, "the trial court must necessarily conclude that Romero was an uninsured motorist on the date of the accident." Thus, the plaintiff asserted, Zurich should be liable for the "first dollar" attributable for Romero's fault.

The trial court considered the exceptions of no cause of action and prescription, as well as the motions for summary judgment at a November 2014 hearing. Following the plaintiff counsel's concession that no cause of action existed against the LMA, the trial court sustained the respective exceptions of no cause of action. Turning to the exceptions of prescription, the governmental defendants' counsel first noted that the later-filed Vermilion Parish suit had prescribed on its face as to them, since it was filed more than one year after the accident.[3] As for the initial suit, transferred from East Baton Rouge Parish, the governmental defendants repeated their assertion that La.Civ.Code art. 3462 indicated that prescription was not interrupted as to them as it was in an improper venue. They argued that "joint" liability of the tortfeasor and the UM provider would only be established if the UM coverage is "triggered[,]" an issue counsel noted was common to the plaintiff's motion for summary judgment. Recognizing the $500,000 statutory limitation of liability provided by La.R.S. 13:5106, the governmental defendants rejected the plaintiff's argument that Mr. Romero must be considered uninsured for UM insurance purposes. Instead, the governmental defendants asserted that they were self-insured due to participation in the

---

[3] The governmental defendants did, however, acknowledge that suit was timely as to Zurich as it was filed within the two-year prescriptive period applicable to UM insurers. *See* La.R.S. 9:5629.

6

LMRMA.  Following argument by counsel for both Zurich and the plaintiff, who suggested that the plaintiff was still receiving treatment and that his claim could exceed the statutory limitation of La.R.S. 13:5106, the trial court sustained the exceptions of prescription.  It further denied the plaintiff's motion for summary judgment, finding that genuine issues of material fact remained.

Following the hearing, the trial court signed separate judgments, sustaining the exceptions of no cause of action and prescription in both cases.  The plaintiff appealed the four judgments, resulting in the four docket numbers now before this court.  The cases remain unconsolidated.

The rulings in trial docket number 97404, filed in Vermilion Parish, are now before this court under appellate docket numbers 15-473 and 15-474.  In his appellate briefs to this court, the plaintiff challenges the sustaining of the exception of prescription as to the City, Police Department, and Mr. Romero.  The plaintiff does not challenge the sustaining of the exception of no cause of action.

The rulings in trial docket number 98981, transferred from East Baton Rouge, are now before this court under 15-475 and 15-476.  Under these docket numbers, the plaintiff again addressed his objection to the prescription ruling and does not challenge the sustaining of the exception of no cause of action.  Zurich also appeals in numbers 15-475 and 15-476, questioning the dismissal of the other defendants.[4]  It joins the plaintiff in arguing that its timely service in the East Baton Rouge Parish matter interrupted prescription against the defendant driver and governmental defendants.

---

[4] Subsequent to the trial court's sustaining of the exceptions, and upon joint motion of the plaintiff and Zurich, the trial court granted Zurich's exception of lis pendens, dismissing the plaintiff's action against Zurich in 97404 and reserving the plaintiff's "rights to proceed with suit number 98,981[.]"

7

**Discussion**

*15-473 and 15-474* (Vermilion Parish)

Although these docket numbers address the second suit, filed anew in Vermilion Parish, the plaintiff argues that the first-filed suit in East Baton Rouge Parish interrupted prescription as to the governmental defendants as it was timely served against Zurich. This argument is appropriately addressed below, however, in this court's discussion of the transferred cases. Under these two docket numbers the record plainly establishes that the Vermilion Parish suit was filed on July 1, 2013, more than one year after the June 9, 2012 accident. *See* La.Civ.Code art. 3492.

Louisiana Code of Civil Procedure Article 927(A)(1) provides for the objection of prescription by peremptory exception. While the exceptor ordinarily bears the burden of proof on such an exception, if prescription is evident on the face of the petition, the burden shifts to the plaintiff to demonstrate that prescription has been suspended or interrupted. *Rizer v. American Sur. & Fid. Ins. Co.*, 95-1200 (La. 3/8/96), 669 So.2d 387. If the plaintiff claims that prescription has been interrupted due to solidary liability between two or more parties, the plaintiff bears the burden of proving that solidarity exists. *Id.*

On appellate review, the supreme court has recently reiterated that, in the absence of evidence, a trial court must decide an exception upon the facts alleged in the petition with all of the allegations accepted as true. *Lomont v. Bennett*, 14-2483 (La. 6/30/15), 172 So.3d 620. However, if evidence is introduced at the hearing on the exception, an appellate court reviews the trial court's findings of fact under the manifest error-clearly wrong standard of review. *Id.* If those findings are reasonable in light of the record reviewed in its entirety, an appellate

court cannot reverse the ruling, even if it is convinced that it would have weighed the evidence differently. *Id.*[5]

As stated above, the Vermilion Parish suit was prescribed on its face as to the governmental defendants. Notwithstanding any ancillary arguments regarding the timeliness of the suit as to Zurich under either suit (recall that Zurich concedes that suit was timely as filed within the period applicable to UM insurers), the prescriptive period against the governmental defendants had tolled for this separate suit.[6] Of course, jurisprudence indicates that after prescription extinguishes a cause of action, it cannot be interrupted. *Rizer*, 669 So.2d 387, *citing Bustamento v. Tucker*, 607 So.2d 532, n.5 (La.1992). A timely suit against one solidary obligor does not interrupt prescription that has tolled against another solidary obligor. *Id.*, *quoting Noggarath v. Fisher*, 557 So.2d 1036 (La.App. 4 Cir. 1990). Thus, the burden shifted to the plaintiff to demonstrate that the matter had not prescribed. In this case, the plaintiff attempted to do so under a theory of solidary liability.[7]

As referenced above, the plaintiff suggests that filing suit in East Baton Rouge Parish interrupted prescription in the later-filed Vermilion Parish suit. He does so, however, without reference to the fact that the Vermilion Parish suit was an entirely separate suit. The plaintiff does not dispute that the petition was

---

[5] While the trial court in this case did not articulate reasons for its ruling, it merits observing that the plaintiff introduced only the Zurich policy and the defendants' answers to interrogatories.

[6] Even La.Civ.Code art. 1799, the plaintiff's point of reliance for the interruption of prescription for solidary obligors, references only "interruption." It does not anticipate the revival of a prescribed matter. *See also* La.Civ.Code art. 3462, addressing only "*interruption* by filing of suit or by service of process[.]" (Emphasis added.)

[7] The plaintiff did not attempt to demonstrate that the matter was not prescribed under a theory of joint liability. *See* La.Civ.Code art. 2324(C) (providing that "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.") Instead, the plaintiff maintained that the defendants were solidary obligors and correspondingly advanced the motion for summary judgment whereby he sought a determination that Zurich owed "first dollar" coverage due to the unique nature of the LMRMA.

9

prescribed on its face. We do not find the plaintiff's suggestion that the trial court take judicial notice of the East Baton Rouge Parish record to satisfy his respective burden of proof on the facially-prescribed Vermilion Parish matter. Accordingly, we find that the trial court appropriately sustained the governmental defendant's exception of prescription filed in the Vermilion Parish suit (lower docket number 97404) and affirm that ruling. We additionally affirm the trial court's sustaining of the exception of no cause of action as the plaintiff has appealed, but neither briefed nor otherwise challenged that ruling. *See* Uniform Rules of Court—Courts of Appeal, Rule 2-12.4(B)(4).

These appeals lack merit.

*15-475 and 15-476* (East Baton Rouge Parish)

The remaining appeals relate to the initial suit filed in East Baton Rouge Parish on May 16, 2013 and subsequently transferred following a finding of improper venue. As referenced above, the governmental defendants successfully argued that the matter was prescribed, as they were served with notice of the suit, more than one year after the June 9, 2012 accident. *See* La.Civ.Code art. 3462 (quoted above and providing, in part that: "If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.")

The plaintiff challenges the trial court's determination that the matter was prescribed and, as he did below, asserts that a tortfeasor and UM insurer are solidary obligors, and that Zurich was served with process within the prescriptive period. *See* La.Civ.Code art. 1799 (providing "[t]he interruption of prescription against one solidary obligor is effective against all solidary obligors and their heirs."); *See also* La.Civ.Code art. 3503 (providing "[w]hen prescription is

10

interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors.").

In its separate appeal, Zurich also advances the theory of solidary liability and interruption of prescription due to its own timely service of process. It further suggests that, to the extent there may be conflict in this case between La.Civ.Code arts. 3462 and 1799, this court should consider the former article to create an interruption as to a party, and the latter article to extend the interruption to solidarily liable parties.

Upon consideration under the applicable burden of proof, we conclude that the record does not support the trial court's ruling. As stated above, the party advancing the exception of prescription bears the burden of proof. In this case, it cannot be said that the East Baton Rouge Parish suit was prescribed on its face. Rather, the suit was filed on May 16, 2013, within the one-year prescriptive period. Thus, it was the exceptors' burden to demonstrate prescription. Notably, while they state in the memorandum in support of the exception of prescription that they were not served with process within the prescriptive period, the record on appeal does not reflect any evidence regarding service. Additionally, the defendants did not introduce evidence at the hearing. Neither does the record reveal that the plaintiff has admitted or confessed to such a fact. Instead, the plaintiff was silent on the issue and instead maintained throughout only that prescription was interrupted due to the parties' alleged solidary obligor status. While the distinction of this silence is a fine one, it is not insignificant given the factual background of this case or upon consideration of the respective burdens of proof.

Furthermore, even assuming that the defendants initially established the tolling of prescription due to untimely service of process, the plaintiff's burden of

demonstrating his theory of solidary status is not resolved given the current procedural posture of the case. Certainly, in *Hoefly*, 418 So.2d 575, the supreme court determined that a UM insurance provider is a solidary obligor with the tortfeasor so that a victim's timely suit against the tortfeasor interrupted prescription with regard to the insurer. As commented upon in *Rizer*, however, the first element of solidarity is that the obligors must be "obliged to the same thing." *Rizer*, 669 So.2d at 389, *quoting Hoefly*, 418 So.2d at 389. The court in *Rizer*, 669 So.2d at 390, explained that UM insurance coverage is "excess" in nature and does not begin until the obligation under the tortfeasor's motor vehicle liability policy ends. Thus, the supreme court determined that each had a separate obligation which was not coextensive and that they were not solidary obligors. *Id.* Significantly, La.Civ.Code art. 1799—the Article on which the plaintiff lodges his objection to the exceptions of prescription—specifically addresses solidary obligors.[8]

In this case, of course, the analysis is not between a liability insurer and UM insurance provider as was the case in *Rizer*. Rather, it involves a tortfeasor purporting to be self-insured, but only to a legislatively-defined limit of liability. Additionally, the plaintiff urged the trial court, by a motion for summary judgment, to determine that the UM insurance policy provides "first dollar" coverage as he asserts that the governmental defendants must be considered uninsured. He suggested that, if the governmental defendants were truly self-insured, he could

---

[8] In this regard, La.Civ.Code art. 1790 provides that: "An obligation is solidary for the obligees when it gives each obligee the right to demand the whole performance from the common obligor." In contrast, La.Civ.Code art. 1788 provides, in part, that: "When different obligors owe together just one performance to one obligee, but neither is bound for the whole, the obligation is joint for the obligors." Finally, addressing several obligors, La.Civ.Code art. 1787 provides, in part, that "When each of the different obligors owes a separate performance to one obligee, the obligation is several for the obligors."

theoretically execute a judgment against them. However, the plaintiff notes that the City participates in the LMRMA, against which there is no cause of action, as seen in the ruling on the exception of no cause of action. He further contends that the City has not reserved assets that could be seized to pay a judgment. The plaintiff argued in the motion for summary judgment that such an arrangement implicates the purposes of UM insurance, and, thus, the court should allow pursuit of "first dollar" recovery. As mentioned, the trial court denied the motion for summary judgment, finding genuine issues of material fact and leaving that question unresolved in the record. The plaintiff has not sought review of that ruling. Thus, the plaintiff's question as posed, but unanswered, is fundamental to consideration of the plaintiff's burden of proving interruption due to solidary obligor status.

Simply, given the state of the parties' submissions and their respective burdens of proof, the record does not support the trial court's determination that the matter transferred from East Baton Rouge Parish has prescribed. Accordingly, we reverse that ruling in the matter submitted under docket number 15-476,[9] and remand this matter to the trial court for reinstatement of the plaintiff's claims against the governmental defendants and for further proceedings.

As with the Vermilion Parish suit, however, we affirm the sustaining of the exception of no cause of action. The defendant has appealed that ruling, but has not briefed that issue. *See* Uniform Rules of Court—Courts of Appeal, Rule 2-12.4(B)(4).

---

[9] *See Damion Comeaux v. Austin J. Romero*, 15-476 (La.App. 3 Cir. _/_/_), _ So.3d _.

**DECREE**

For the reasons expressed above, the judgment of the trial court sustaining the exception of no cause of action of the Louisiana Municipal Association is affirmed. Costs of this proceeding, docket number 15-473, are assessed to the plaintiff-appellant, Damion Comeaux.

**AFFIRMED.**