STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-276

RANDALL SCOTT ILES

VERSUS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20143183
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and Elizabeth A. Pickett, Judges.

AFFIRMED.

Saunders, J., dissents and assigns written reasons.

Brad M. Boudreaux
Schutte, Terhoeve, Richardson, Eversberg,
Cronin, Judice, & Boudreaux
501 Louisiana Avenue
Baton Rouge, LA 70802
(225) 387-6966
COUNSEL FOR DEFENDANT/APPELLEE:
    State Farm Fire and Casualty Company

Remy A.M. Jardell
625 St. John Street
Lafayette, LA 70501-5711
(337) 267-0985
COUNSEL FOR PLAINTIFF/APPELLANT:
    Randall Scott Iles

**AMY, Judge.**

The plaintiff filed timely suit against his automobile liability provider to recover damages resulting from an automobile accident under the policy's uninsured motorist provision. He noted that the alleged tortfeasor's automobile liability insurance had provided him with its entire policy limit for his injuries. Almost five years following the accident, the plaintiff filed a supplemental and amending petition naming his personal liability umbrella policy provider as an additional defendant. The defendant umbrella policy provider filed an exception of prescription, alleging that it was not a solidary obligor with the plaintiff's automobile liability and UM policy provider. The trial court sustained the exception. The plaintiff appeals. For the following reasons, we affirm.

## Factual and Procedural Background

The plaintiff, Randall Scott Iles, instituted this matter on June 20, 2014, with the filing of a petition by which he sought damages associated with a June 20, 2012 automobile accident. He alleged that the accident occurred when a vehicle driven by Gregory Hall "failed to stop for some reason and rear ended the vehicle operated by [the plaintiff.]" He explained that his vehicle was forced forward into another vehicle stopped at a light. The plaintiff alleged that, as a result of this accident, his vehicle was deemed a total loss and that he sustained serious personal injuries, as well as loss of wages. Noting that Mr. Hall's personal automobile insurer, Louisiana Farm Bureau, provided him its entire policy limits, the plaintiff named his automobile liability insurance provider, State Farm Mutual Automobile Insurance Company (State Farm Mutual), as the sole defendant. He asserted that the State Farm Mutual policy included UM coverage and alleged that it was indebted to him "for damages

sustained as a result of this accident above and beyond the coverage afforded to the tortfeasor, Gregory Hall."

The record indicates that, after the filing of the petition, the litigation continued between the plaintiff and State Farm Mutual as evidenced by filings related to trial dates and to the parties' exchange of expert witness and exhibit lists. Following a March 2016 continuance of that litigation, the present matter arose with the plaintiff's May 10, 2017 filing of a first supplemental and amending petition by which he added State Farm Fire and Casualty Company (State Farm Fire) as a defendant. Therein, the plaintiff maintained that, as his personal liability umbrella policy provider, State Farm Fire is a solidary obligor of previously-named defendant, State Farm Mutual. The plaintiff re-urged all allegations of the original petition, including those related to general damages, medical expenses, lost wages, and future lost wages and/or earning capacity.

Subsequently, the plaintiff and State Farm Mutual filed a joint motion and order of partial dismissal, seeking the dismissal of State Farm Mutual "with full prejudice." The trial court signed the order of partial dismissal on June 27, 2017, dismissing the automobile liability insurer "with prejudice, reserving plaintiff's rights to pursue all claims against State Farm Fire . . . ."

By its July 2017 answer, State Farm Fire acknowledged that, at the time of the subject accident, it had in place a personal liability umbrella policy. However, it denied the amending petition's allegation that it is solidarily liable with State Farm Mutual, asserting that the two are separate legal entities. State Farm Fire also advanced a number of defenses, including an allegation that the plaintiff's claims were prescribed and/or preempted.

The following month, State Farm Fire filed the exception of prescription now under review, framing the single inquiry of whether State Farm Mutual and State Farm Fire are solidary obligors for the alleged injuries stemming from the June 20, 2012 accident. At the close of the related hearing, the trial court explained that it would sustain the exception of prescription, "finding that more than two (2) years had passed" and that the entities are not solidarily liable "because there's two (2) separate numbers." It thereafter entered a judgment in that regard, dismissing the plaintiff's claims against State Farm Fire.

The plaintiff appeals, first asserting that the trial court erred in sustaining the exception of prescription when timely suit had been filed against State Farm Mutual, an entity he contends was the solidary obligor of State Farm Fire. The plaintiff also argues that the trial court should have concluded that the latter-filed suit related back to the timely suit against State Farm Mutual.

### Discussion

*Exception of Prescription*

Louisiana Code of Civil Procedure Article 927(A)(1) provides for the peremptory exception of prescription. Although the party urging the exception typically bears the burden of proving such an exception, if prescription is evident on the face of the petition, the burden shifts to the plaintiff to demonstrate that the matter has not prescribed. *Lomont v. Bennett*, 14-2483 (La. 6/30/15), 172 So.3d 620, *cert. denied*, _ U.S. _, 136 S.Ct. 1167 (2016). In the event the plaintiff asserts that prescription has been interrupted due to solidary liability between two parties, the plaintiff bears the burden of proving that solidarity. *Rizer v. Am. Sur. & Fid. Ins. Co.*, 95-1200 (La. 3/8/96), 669 So.2d 387.

If the exception of prescription is asserted prior to trial, the parties may introduce evidence to support or controvert the objection pleaded. La.Code Civ.P. art. 931. Absent such evidence, the trial court must decide the exception upon accepting the facts as alleged in the petition as true. *Duckworth v. La. Farm Bureau Mut. Ins. Co.*, 11-2835 (La. 11/2/12), 125 So.3d 1057. However, in the event evidence is introduced at the hearing, an appellate court considers the trial court's factual findings pursuant to the manifest error—clearly wrong standard of review. *Lomont*, 172 So.3d 620.

*Interruption of Prescription – Solidary Obligors*

Turning to the circumstances of this matter, it is noteworthy that the plaintiff brought this action against both State Farm Mutual and State Farm Fire in their capacities as UM providers. As to such suits, La.R.S. 9:5629 provides that: "Actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained."

As reported, the plaintiff filed the original petition against State Farm Mutual on June 20, 2014, two years after the underlying June 20, 2012 accident. Yet, the plaintiff did not file the amending petition naming State Farm Fire until approximately five years after the accident. Only at that time did the plaintiff plead the existence of an applicable personal liability umbrella policy as issued by State Farm Fire. In opposition to the exception, the plaintiff contended that the two State Farm entities are solidary obligors and, therefore, suit as to State Farm Mutual interrupted the prescriptive period as to State Farm Fire. He maintains that argument before this court. Given the fact that the action against State Farm Fire was prescribed on its

4

face, that burden of proving interruption of prescription due to solidary liability was the plaintiff's. *Rizer*, 669 So.2d 387. Following review, we maintain the underlying determination that the plaintiff failed to do so.

Louisiana Civil Code Article 1793 foundationally provides that: "Any act that interrupts prescription for one of the solidary obligees benefits all the others." Determinative as to the relationship of these defendants, however, La.Civ.Code art. 1794 instructs that: "An obligation is solidary for the obligors when each obligor is liable for the whole performance. A performance rendered by one of the solidary obligors relieves the others of liability toward the obligee." Furthermore, La.Civ.Code art. 1796 provides that: "Solidarity of obligation shall not be presumed. A solidary obligation arises from a clear expression of the parties' intent or from law." Simply, the nature of the respective contracts issued to the plaintiff by State Farm Mutual and State Farm Fire indicates that neither was liable for the whole performance pursuant to La.Civ.Code art. 1794.

The plaintiff refers this court to the supreme court ruling in *Hoefly v. Government Employees Insurance Co.*, 418 So.2d 575 (La.1982), for the proposition that an UM provider is a solidary obligor. However, in *Hoefly*, 418 So.2d at 576, the supreme court framed the question before it as "whether an automobile accident victim's uninsured motorist carrier is solidarily obliged with the tortfeasor so that the victim's timely suit against the latter interrupts prescription with regard to the insurer." That question is not posed by the present proceeding.

Standing apart from *Hoefly*, 418 So.2d 575, the plaintiff did not file a timely suit against the tortfeasor in the present matter. Thus, even if State Farm Mutual and State Farm Fire are each the solidary obligor of Mr. Hall, the alleged tortfeasor in this

case, prescription was not interrupted by the filing of suit against him.[1]  Thus, as urged, the relevant purported solidary obligation is not between the tortfeasor and the UM provider as in *Hoefly*, but is, instead, between the automobile liability provider and the personal liability umbrella policy, both of which provide UM coverage.

This matter is further distinguishable from *Hoefly*, 418 So.2d at 578, as the supreme court found the nature of the relationship between the tortfeasor and the UM provider in that case to be solidary in nature as they "are obliged to the same thing." In the present case, the purported solidary obligors are not obliged to the same thing. Rather, their relationship is more analogous to that in *Rizer*, 669 So.2d 387.  In that case the supreme court considered whether an accident victim's UM coverage was solidarily liable with the tortfeasor's liability carrier so that the victim's timely-filed suit against the latter interrupted prescription as to the victim's UM carrier.  *Id.* Focusing on the respective obligations of the purported solidary obligors, the supreme court explained that:

> It is clear that the obligation of the uninsured motorist carrier does not begin until the obligation under the tortfeasor's motor vehicle liability policy ends; there is no overlap.  Since an uninsured motorist carrier and a tortfeasor's motor vehicle liability insurer each has a separate obligation which is not coextensive, they are not liable for the same thing.  Therefore, the two are not solidary obligors.
>
> Applying these precepts to the present case, we find that USAA, the injured plaintiff's uninsured motorist carrier, and LIGA as successor to American Surety, the tortfeasor's motor vehicle liability insurer, were not liable to the same thing.  Accordingly, they are not solidary obligors.

*Id*. at 390.

---

[1] Pursuant to La.Civ.Code art. 3492, delictual actions are subject to a one-year prescriptive period, which "commences to run from the day injury or damage is sustained."  The supreme court has explained that once a cause of action is extinguished by the running of such a prescriptive period, "a subsequent timely suit against alleged solidary obligors will not revive the prescribed action." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-2143, p. 7 (La. 5/21/08), 983 So.2d 84, 89.

Similar to the separate obligations identified in *Rizer*, 669 So.2d at 390, there is no "overlap" in the obligation of State Farm Mutual and that of State Farm Fire. Rather, the personal liability umbrella policy issued by the latter is clearly one of excess, providing plain language in that regard. Pointedly, the declarations page of the State Farm Fire personal liability umbrella policy lists various "Required Underlying Insurance Policies," including a policy of "automobile liability[.]"[2] And, in its "Other Conditions" section, the umbrella policy sets forth a number of items, including an "Other Insurance" condition providing that: "This policy is excess over all other valid and collectible insurance." Recall that La.Civ.Code art. 1796 provides that a solidary obligation "shall not be presumed." But it is instead one that "arises from a clear expression of the parties' intent or from law." *Id*. By this provision, the parties provided a clear expression of intent for the personal liability umbrella policy to act in excess of the underlying automobile liability policy.[3]

Such distinct language contravenes the plaintiff's contention that the insurers were each liable for the whole performance as is required by La.Civ.Code art. 1794. Rather, following the reasoning expressed by the supreme court in *Rizer*, 669 So.2d 387, we maintain the finding that the plaintiff failed in his burden of proving that prescription was interrupted due to the existence of a solidary obligation. Simply, the insurers were not "obliged to the same thing." *Rizer*, 669 So.2d at 389 (quoting *Hoefly*, 418 So.2d at 579).

---

[2] The declarations page of the State Farm Mutual automobile liability policy reports UM coverage limits of $250,000 "each person" and $500,000 "each accident" coverage.

[3] Further, jurisprudence provides that: "The whole theory of umbrella insurance is that the insured protects himself against catastrophic loss by the procurement of insurance coverage which takes up where his primary policy leaves off. Thus, umbrella coverage is to be regarded as true excess over and above any type of primary coverage." *Lee v. USAA Cas. Ins. Co. of Am.*, 571 So.2d 127, 129, n.3 (La.1990) (quoting *Coates v. Northlake Oil Co.*, 499 So.2d 252, 255 (La.App. 1 Cir. 1986), *writ denied*, 503 So.2d 476 (La.1987)).

This assignment lacks merit.

*Capacity of the Parties*

By his second assignment of error, the plaintiff contends that the trial court alternatively erred in failing to find that the amendment of his petition to name State Farm Fire did not relate back to the timely filed suit against State Farm Mutual.

Louisiana Code of Civil Procedure Article 1153 provides that: "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the filing the original pleading." The plaintiff argues that this provision is applicable to the amending petition in this case in light of the supreme court's expression in *Ray v. Alexandria Mall*, 434 So.2d 1083 (La.1983). On review, we do not find that extension of *Ray* is appropriate in the matter at hand. Rather, in *Ray*, 434 So.2d at 1086-87, the supreme court explained that:

> [W]e establish the following criteria for determining whether art. 1153 allows an amendment which changes the identity of the party or parties sued to relate back to the date of filing of the original petition:
>
> (1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
>
> (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
>
> (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
>
> (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

8

In contrast to the criteria of *Ray*, 434 So.2d 1083, it is apparent that the amending petition in this case did not seek to merely change the identity of the party sued. Rather, the wholly separate legal entity of State Farm Fire was named for the first time by the amending petition. There is no indication that State Farm Fire "received notice of the institution of the action[,]" or that it was merely a "substitute defendant" who must have known or should have known that "but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him." *Id.* at 1087. Instead, the amending petition introduced a new party and alleged liability under a newly identified policy. Such an occurrence is contrary to *Ray*'s criteria that "[t]he purported substitute defendant must not be a wholly new or unrelated defendant" as such an extension of La.Code Civ.P. art. 1153 "would be tantamount to assertion of a new cause of action which would have otherwise prescribed." *Id.*

Accordingly, we find no merit in the plaintiff's contention that the amending petition related back to the timely filed original petition pursuant to La.Code Civ.P. art. 1153.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this proceeding are assigned to the plaintiff—appellant, Randall Scott Iles.

**AFFIRMED.**

RANDALL SCOTT ILLES

VERSUS

STATE FARM MUTUAL AUTOMOBILE INS. CO.

**Saunders, J., dissents and assigns written reasons.**

I disagree with the majority's opinion to affirm the trial court's ruling that Plaintiff's petition does not relate back to the timely filed original petition pursuant to La.Code. Civ.P. art. 1153. In my view, Plaintiff meets all of the criteria necessary to have his amending petition relate back to his original petition. *Ray v. Alexandria Mall, Through St. Paul Prop. & Liab. Ins.*, 434 So.2d 1083 (La. 1983).

A reading of the *Ray* case suggests strongly that consideration of equity and public policy underlie the reasoning of the court. In my view, those same considerations would dictate a reversal of the trial court in the matter at hand. Accordingly, I respectfully dissent.