# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**18-34**


**AGNES JONES, ET AL**

**VERSUS**

**IBERIA PARISH GOVERNMENT, ET AL**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 125902
HONORABLE LEWIS H. PITMAN, JR., DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**D. KENT SAVOIE
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John E. Conery, D. Kent Savoie, and Candyce G. Perret, Judges.


**AFFIRMED.**

Rebecca M. Massa
Blake Jones Law Firm, LLC
701 Poydras Street, Suite 4100
New Orleans, Louisiana 70139
(504) 525-4361
COUNSEL FOR PLAINTIFF/APPELLANT:
    Agnes Jones
    Agnes Jones o/b/o Yokohana Jones

Joslyn Renee Alex
The Alex Law Firm
Post Office Box 126
Breaux Bridge, Louisiana 70517
(337) 332-1180
COUNSEL FOR DEFENDANT/APPELLEE:
    Joshua Washington

Allison M. Ackal
Borne, Wilkes & Rabalais
Post Office Box 4305
Lafayette, Louisiana 70502-4305
(337) 232-1604
COUNSEL FOR DEFENDANT/APPELLEE:
    Iberia Parish Government
    Iberia Parish Public Works Department
    City of New Iberia

**SAVOIE, Judge.**

Plaintiff, Agnes Jones, appeals the judgment of the trial court, granting the City of New Iberia's Exception of Prescription and dismissing her claims with prejudice. For the following reasons, we affirm.

## Facts and Procedural History

Jones alleges that she lost her footing, fell, and sustained injuries as a result of a defective walkway located at 909 East Pershing Street in New Iberia, Louisiana on March 14, 2014. On March 9, 2015, Jones filed a Petition for Damages, individually and on behalf of her minor child, naming as defendants Iberia Parish Government, Iberia Parish Public Works Department, and Joshua Washington, the owner of the premises.

Jones filed a supplemental petition on February 22, 2017, adding as defendants the City of New Iberia and the New Iberia Public Works Department.[1] The City of New Iberia filed an Exception of Prescription on April 13, 2017, arguing they did not have timely notice of the lawsuit. The trial court heard the exception on July 21, 2017, and rendered judgment in favor of the City of New Iberia on August 14, 2017. Jones now appeals.

## Assignments of Error

Jones assigns the following errors to the trial court's judgment:

1. Whether the trial court improperly held the City of New Iberia and Iberia Parish Government require a "connection" in order for a timely filed suit against one defendant to interrupt prescription as to both defendants?

2. Whether the trial court erred in failing to determine the City of New Iberia, Iberia Parish Government and Joshua Washington are joint tortfeasors such that suit filed timely naming Iberia Parish

---

[1] The New Iberia Public Works Department was dismissed from the suit by consent judgment on July 21, 2017.

Government and Joshua Washington also interrupts prescription as to the City of New Iberia?

## Discussion

In *Allain v. Tripple B Holding, LLC*, 13-673, pp. 9-10 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278, 1285, this court discussed the appellate standard of review on an exception of prescription:

> Prescription is a peremptory exception which is provided for in La.Code Civ.P. art. 927. Evidence in support or contravention of the exception may be introduced if the grounds are not apparent from the petition. La.Code Civ.P. art. 931. An appellate court reviews the exception under the manifest error standard of review if evidence is introduced in support or contravention of the exception. *Dugas v. Bayou Teche Water Works*, 10-1211 (La.App. 3 Cir. 4/6/11), 61 So.3d 826. If not, the appellate court "simply determines whether the trial court's finding was legally correct." *Id.* at 830.

Neither party introduced evidence at the hearing on the exception of prescription held July 21, 2017. Therefore, we must determine whether the trial court's finding was legally correct.

The mover ordinarily bears the burden of proof on an exception of prescription. *Comeaux v. Romero*, 15-473 (La.App. 3 Cir. 12/9/15), 182 So.3d 1102. However, "if prescription is evident on the face of the petition, the burden shifts to the plaintiff to demonstrate that prescription has been suspended or interrupted." *Id.* at 1107.

Delictual liability claims must be brought within one year from the date of injury or damage. La.Civ.Code art. 3492. In the present case, the City of New Iberia was named as a defendant in Jones' lawsuit by an amended petition filed nearly three years after the accident. Thus, Jones' claims against the City of New Iberia are prescribed on the face of the petition, and Jones bears the burden of proving that her claim has not prescribed.

2

In her first assignment of error, Jones complains that the trial court erred in finding that the Iberia Parish Government and the City of New Iberia required a "connection" in order to interrupt prescription. The basis for this complaint is that Jones did not substitute the City of New Iberia for the Iberia Parish Government in the amending petition, but, rather, she added a defendant. As such, Jones argues that La.Code Civ.P. art. 1153 is inapplicable. We agree.

"Under certain circumstances a claim may be amended and considered timely after the one-year period, so long as the original pleading was timely filed." *Savoie v. Calcasieu Par. Sheriff Office*, 14-1133, p. 4 (La.App. 3 Cir. 3/4/15), 157 So.3d 1278, 1281; *See* La.Code Civ.P. art. 1153. Louisiana Code of Civil Procedure Article 1153 provides: "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."

In *Ray v. Alexandria Mall*, 434 So.2d 1083, 1086 (La.1983) (emphasis added), the Louisiana Supreme Court established four criteria to determine "whether La.Code Civ.P. art. 1153 allows an amendment which *changes the identity of the party or parties sued* to relate back to the date of filing of the original petition. The criteria are:

(1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;

(2) The *purported substitute defendant* must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;

(3) The *purported substitute defendant* must know or should have known that *but for a mistake concerning the identity of the proper party defendant*, the action would have been brought against him;

(4) The *purported substitute defendant must not be a wholly new or unrelated defendant*, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.

*Id.* at 1087 (emphasis added).

In the amending petition, Jones does not attempt to change the identity of a party sued in the original petition. The amending petition alleges:

III.

Plaintiffs respectfully amend Paragraph 4 of their petition, to read as follows[:]

"4.

Defendants, Joshua Washington, Iberia Parish Government, and Iberia Parish Public Works Department, City of New Iberia and New Iberia Public Works Department are liable jointly, severally and in solido unto plaintiff, Agnes Jones, individually and on behalf of her minor child Yokohana Jones, in a reasonable compensatory sum plus legal interest and all costs of these proceedings, for the following reasons to wit:"

IV.

Plaintiffs again reallege and reaver each and every allegation of their original petition as if set here in full. A copy of their original petition is annexed hereto as Exhibit A.

The City of New Iberia is not in the posture of a substitute defendant. Instead, Jones alleges that they are joint tortfeasors, and, as such, they are a wholly new defendant added to the suit, in addition to the original defendants.

Accordingly, we agree with Jones that La.Code Civ.P. art. 1153 does not apply to the present case. However, this does not end our inquiry. We must now determine whether prescription as to the City of New Iberia was interrupted when Jones filed the original petition.

Jones contends that the trial court erred when it found that prescription was not interrupted in this lawsuit. It is Jones' position that, because she alleged that

4

the City of New Iberia and the Iberia Parish Government are joint tortfeasors in her amended petition, prescription has been interrupted. We disagree.

Joint tortfeasor liability is found in La.Civ.Code art. 2324(B) which states, in pertinent part:

> [L]iability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person's insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person's identity is not known or reasonably ascertainable.

Louisiana Civil Code Article 2324(C) provides that "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors." As stated above, Jones has the burden of proving that the suit against the City of New Iberia was interrupted by the filing of the lawsuit against the Iberia Parish Government.

A review of the pleadings reveals that, while Jones made the allegation that the City of New Iberia was a joint tortfeasor with the Iberia Parish Government, she did not allege any facts on which to base that conclusion. Louisiana has a system of fact pleading, and "[t]he mere conclusion of the pleader unsupported by facts does not set forth a cause or right of action." *Montalvo v. Sondes,* 93–2813, p. 6 (La. 5/23/94), 637 So.2d 127, 131.

It is clear from the amending petition that Jones does not allege any facts upon which the City of New Iberia and the Iberia Parish Government could be joint tortfeasors. In fact, she does not state any relationship between the City of New Iberia and the accident or its location. For example, we do not know if the City of New Iberia owns the property at issue, holds the right of way, or is in

charge of its maintenance, etc.  Merely stating that the two parties are joint tortfeasors is not enough to allege joint tortfeasor liability.  Because Jones has not properly alleged joint tortfeasor liability, she has not carried her burden of proving that prescription has been interrupted.

## Decree

For the reasons assigned above, the judgment of the trial court, granting the City of New Iberia's exception of prescription, is affirmed.  All costs of this appeal are assessed to Agnes Jones.

**AFFIRMED.**