STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 22-626


MICHAEL SMITH

VERSUS

ACADIAN AMBULANCE SERVICE, INC., ET AL



**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20184053
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

**********

**GUY E. BRADBERRY**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Van H. Kyzar, and Guy E. Bradberry,
Judges.


**REVERSED AND REMANDED.**

**Taylor J. Bassett**
**Patrick C. Morrow, Sr.**
**Morrow, Morrow, Ryan & Bassett**
**P.O. Drawer 1787**
**Opelousas, LA 70571-1787**
**(337) 948-4483**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Michael Smith**

**John David Schoonenberg**
**Michael A. Dalman**
**Gachassin Law Firm**
**P. O. Box 80369**
**Lafayette, LA 70598-0369**
**(337) 235-4576**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Lafayette General Medical Center, Inc.**

**Mark Reese Pharr, III**
**Patricia P. Wattigny**
**Megan M. Clark**
**Galloway Johnson Tompkins Burr & Smith**
**3861 Ambassador Caffrey, Suite 300**
**Lafayette, LA 70503**
**(337) 735-1760**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Travelers Indemnity Company**
    **Patricia Dupre**
    **Acadian Ambulance Service, Inc.**

**BRADBERRY, Judge.**

Michael Smith appeals a trial court judgment dismissing his amending petition filed against Lafayette General Medical Center, Inc. d/b/a Ochsner Lafayette General Medical Center (LGMC) by granting its exception of prescription. Mr. Smith contends that LGMC is a joint tortfeasor with the original defendants and that his petition was timely filed pursuant to La.Civ.Code art. 2324(C).

## FACTS

Mr. Smith went to LGMC on May 19, 2018, with his wife who was receiving medical treatment. As Mr. Smith was exiting the medical center through the emergency room entrance/exit, he was struck by an ambulance owned by Acadian Ambulance Service, Inc. and operated by Patricia Dupre. Mr. Smith fell, and the ambulance ran over his right foot and ankle.

On June 28, 2018, Mr. Smith filed suit against Ms. Dupre, Acadian Ambulance, and Travelers Indemnity Company, the insurer of Acadian Ambulance. Subsequently, on January 24, 2022, Mr. Smith filed a supplemental and amending petition adding LGMC as a defendant. Mr. Smith notes that the addition of LGMC was in response to the original Defendants' intention to add LGMC as a party on the verdict form.

LGMC responded on February 16, 2022, by filing a peremptory exception of prescription. A hearing on the exception was held on March 21, 2022. The trial court granted the exception of prescription, and judgment was signed on April 13, 2022, dismissing Mr. Smith's case against LGMC with prejudice. Mr. Smith now appeals that judgment.

# PRESCRIPTION

After hearing argument of counsel at the hearing on the exception of prescription, the trial court ruled that the amending petition did not relate back to the filing of the original petition as required by La.Code Civ.P. art. 1153 because it did not satisfy the factors set forth in *Ray v. Alexandria Mall*, 434 So.2d 1083 (La.1983). On appeal, Mr. Smith argues that "relation back" is not necessary because La.Code Civ.P. art. 2324(C), regarding joint tortfeasors, applies. Louisiana Code of Civil Procedure Article 2324(C) provides that "[i]nterruption of prescription against one joint tortfeasor is effective against all joint tortfeasors."

Mr. Smith's action against Defendants is a tort suit subject to a one-year prescriptive period which starts to run the day injury or damage is sustained. La.Civ.Code art. 3492. Mr. Smith's amending petition adding LGMC as a defendant was filed over a year after the accident. An objection to prescription is raised by a peremptory exception of prescription as provided by La.Code Civ.P. art. 927(A)(1). Generally, the mover bears the burden of proof on an exception of prescription. *Jones v. Iberia Par. Gov't*, 18-34 (La.App. 3 Cir. 9/26/18), 257 So.3d 198. Since Mr. Smith's amending petition was filed more than a year after the accident, he had the burden of establishing that the amended action was not prescribed. *Stevenson v. Progressive Sec. Ins. Co.*, 19-637 (La. 4/3/20), 341 So.3d 1202.

LGMC claims that we must review the trial court's decision to grant its exception of prescription under the manifest error standard of review because it introduced evidence at the hearing. At the hearing, LGMC introduced the entire record of the proceedings into evidence. Mr. Smith argues that the record is not evidence for exception of prescription purposes because the trial court always

2

reviews the pleadings to determine whether the action is prescribed which would subject every exception of prescription to the manifest error standard of review.

Ordinarily, a judgment granting an exception of prescription is reviewed de novo because it raises a legal question, but when evidence is introduced at the hearing, the trial court's findings of fact are subject to the manifest error standard of review. *Jenkins v. Kauffman*, 21-1596 (La.App. 1 Cir. 7/13/22), 344 So.3d 689, *writ denied*, 22-1242 (La. 11/8/22), 349 So.3d 576. When the pertinent facts are not in dispute and the decision involves purely legal issues, the matter is reviewed de novo, and the trial court's legal conclusions are not entitled to any deference. *Id.*; *Stevenson*, 341 So.3d 1202.

The "relation back" concept of *Ray*, 434 So.2d 1083, and La.Code Civ.P. art. 1153 does not apply when there is the addition of a joint tortfeasor to a suit instituted against a correctly named and timely-sued joint tortfeasor. *Jones*, 257 So.3d 198; *Jenkins*, 344 So.3d 689. As explained in *Etienne v. National Automobile Insurance Co.*, 99-2610, p. 7 (La. 4/25/00), 759 So.2d 51, 56 "Article 1153 and the *Ray* criteria typically apply to determine if a supplemental petition relates back to the filing of the original petition in situations where the wrong party has been named as the original defendant, and not, as here when additional solidary obligors are named." When a plaintiff claims that prescription was interrupted because the newly-added defendant is a joint tortfeasor with the timely-sued defendants, the plaintiff bears the burden of establishing joint tortfeasor status. *Wheat v. Nievar*, 07-680 (La.App. 1 Cir. 2/8/08), 984 So.2d 773.

We find that a de novo standard of review is the proper standard to be applied since the trial court applied the wrong legal standard and because we agree that La.Code Civ.P. art. 1153 and *Ray*, 434 So.2d 1083, do not apply. *Jenkins*, 344

3

So.2d 689. Mr. Smith added an entirely new party and did not change the identity of a party who was already named in the suit. Therefore, we will conduct a de novo review to determine whether Mr. Smith established that LGMC is a joint tortfeasor with the timely-sued defendants and that prescription was interrupted as to LGMC.

A joint tortfeasor is defined as a party whose conduct, whether intentional or negligent, combines with another party and causes injury to a third person. *Milbert v. Answering Bureau, Inc.*, 13-22 (La. 6/28/13), 120 So.3d 678. The term "joint tortfeasor" can apply where two or more parties act together and cause injury to a third person or where the negligence of the parties occurs contemporaneously to produce an accident causing injury to a third person. *Id.*

In his amending petition, Mr. Smith alleged:

> The path from the LGMC Emergency Department to the adjacent parking lot required that pedestrians, including Petitioner, traverse a paved roadway which was commonly used by both emergency vehicles and private vehicles to access a drop-off point for patients to be taken into the LGMC Emergency Department. The above-described crash involving Petitioner took place on the above-described paved roadway. Upon information and belief, at all time material hereto, Lafayette General Medical Center, Inc. d/b/a Ochsner Lafayette General Medical Center was the owner and operator of LGMC, and had custody and control of the premises on which the crash occurred, including the LGMC Emergency Department entrance/exit, the paved roadway on which the said crash occurred, and the adjacent parking lot. As the owner, operator, and/or custodian of the premises, Lafayette General Medical Center, Inc. d/b/a Ochsner Lafayette General Medical Center had a duty to exercise reasonable care and caution for the benefit of pedestrians on the premises, including Michael Smith.

Mr. Smith then went on to list several acts of negligence that contributed to the accident and caused him injury which included, but were not limited to, failure to provide a safe means for pedestrians to enter and exit the emergency room department and adjacent parking lot, failure to separate pedestrian traffic and

4

ambulance traffic, failure to have a safe design for the emergency room department area, and failure to provide security to warn pedestrians and ambulances.

Mr. Smith's claims against LGMC allege that its design of the emergency room entrance/exit and handling of pedestrian traffic entering and leaving the emergency room exit contributed to the fact that he was hit by an ambulance in that area. Mr. Smith's allegations of negligence against all the named Defendants occurred contemporaneously to cause the accident. We find that Mr. Smith has established that LGMC is a joint tortfeasor with the other Defendants, should it be found liable for the accident. Therefore, the trial court erred in granting LGMC's exception of prescription.

For the reasons set forth in this opinion, we reverse the trial court's grant of exception of prescription in favor of LGMC and remand the case to the trial court for further proceedings. Costs of this appeal are assessed to LGMC.

**REVERSED AND REMANDED.**