hGUIDRY, J.
Appellant, Cheryl L. McGeorge, appeals the judgment of the trial court granting summary judgment in favor of appellee, State Farm Mutual Automobile Insurance Company. Finding there to be no genuine issue of material fact that would preclude such judgment, we affirm.
FACTS AND PROCEDURAL HISTORY
On or about February 28, 1996, appellant was traveling south on Highway 71 in Alexandria, Louisiana, when she approached a portion of the highway on which road construction was being performed. Upon reaching the area of construction, appellant stopped her vehicle when alerted to do so by a flag person. Soon thereafter, appellant was rear-ended by Patsy Copeland, who failed to observe appellant’s halted vehicle.
As a result of that accident, a petition for damages was filed by appellant against Ms. Copeland and her liability insurer, Maryland Insurance Company (Maryland), on January 24, 1997, The liability limits on the policy of insurance issued by Maryland to Ms. Copeland were $50,000.00. In a pre-trial order dated August 21, 1997, appellant asserted that there were “no claims in controversy in excess of $50,000.00 so that this matter must be tried to the Court alone.... ”
On February 9, 1998, a trial on the merits was held, and a judgment issued therefrom, in favor of appellant, on March 4, 1998. In the judgment, appellant was awarded $25,000.00 in general damages, $13,121.48 in special damages, and $5,757.03 in lost wages for a total damage award of $43,878.51. A document entitled “Satisfaction of Judgment” was filed with the trial court on May 19, 1998, declaring that the judgment, plus legal interest, expert fees and court costs had been fully satisfied and that the judgment, accordingly, was cancelled and discharged.
laOn March 2, 1998, appellant filed the instant suit against her uninsured/underin-sured motorist insurance (UM) carrier, State Farm Mutual Automobile Insurance Company (State Farm) alleging that she was entitled to recover UM benefits incurred as a result of the February 28, 1996 automobile accident. State Farm filed an answer on May 13,1998, generally denying liability and requesting a trial by jury in the event appellant’s claim for damages exceeded $50,000.00.
On October 22, 1998, State Farm filed a motion for summary judgment. A hearing on the motion for summary judgment was held on December 14, 1998, at which time the motion was granted in favor of State *873 Farm. A written judgment in accordance with the ruling rendered in open court was signed by the trial court on December 30, 1998. It is from this judgment that appellant appeals.
ASSIGNMENT OF ERROR
The sole assignment of error raised by appellant in bringing this appeal is as follows:
The trial court committed manifest error in holding that a judgment for less than the liability policy limit in a previous action, involving different litigants, different issues and different causes of action, founded on different theories of recovery, precluded [appellant] from recovering from her UM insurer.
MOTION FOR SUMMARY JUDGMENT
Appellate courts should review the granting of a summary judgment de novo under the same criteria governing the trial court’s consideration of whether a summary judgment is appropriate. Tugwell v. State Farm Ins. Co., 609 So.2d 195, 197 (La.1992). Furthermore, La. C.C.P. art. 966(B) provides that a motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file, | together "with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.
DISCUSSION
Appellant argues that the trial court erred in finding that she was barred from filing suit against State Farm for additional damages related to the February 28, 1996 accident because State Farm was hot a party to her suit against Ms. Copeland. In its motion for summary judgment, State Farm mainly presented arguments based on La. C.C.P. art. 425(A), pertaining to preclusion by judgment. However, in the alternative, State Farm argued that appellant had recovered less than the liability limits available under the tortfeasor’s insurance policy in the prior suit and was thereby barred from seeking recovery from her UM insurer. It was on this basis that the trial court granted the motion, and we will limit our review to the correctness of that determination.
In filing its motion for summary judgment, State Farm attached copies of the following documents from appellant’s suit against Ms. Copeland: (1) the petition for damages; (2) the pre-trial order; (3) the written reasons for judgment; and (4) the document titled “Satisfaction of Judgment.” This evidence established that the liability of the tortfeasor, Ms. Copeland, had been determined for an amount within the policy limits of Ms. Copeland’s liability insurance.
The UM insurer has no obligation to pay any portion of an injured insured’s damages within the tortfeasor’s liability policy limits. Rather, the UM insurer is only obligated to pay those damages which exceed the policy limits of the motor vehicle liability policy and which are within the UM policy limits. Rizer v. American Surety and Fidelity Insurance Company, 95-1200, p. 5 (La.3/8/96), 669 So.2d 387, 390.
RA UM insurer is responsible for the damages suffered by an insured which are in excess of the liability insurance of the negligent motorist and which have not been paid by the negligent motorist or by someone responsible for his fault or by someone solidarily liable with him. Francis v. Travelers Ins. Co., 581 So.2d 1036, 1043 (La.App. 1st Cir.), writs denied, 588 So.2d 1114 and 1121 (La.1991). UM coverage is “excess” coverage, and a plaintiff has a right to receive from a UM insurer only that portion of his damages which exceeds the limits of the tortfeasor’s liability insurance. Boudreaux v. Colonial Lloyd’s Insurance Company, 633 So.2d 682, 685 (La.App. 1st Cir.1993).
Although appellant allegedly sought damages under a different theory *874 of recovery and from a different defendant in this suit, the fact remains that there has been a judgment rendered determining that appellant’s damages, as a result of the accident sued upon, totaled $43,878.51, an amount not in excess of the tortfeasor’s liability policy limits of $50,000.00. In order to recover from her UM insurer, there must first be. a determination that the tortfeasor was liable for damages in an amount in excess of the tortfeasor’s policy limits.
Appellant contends that the prior judgment did not account for future medical expenses or lost wages. However, appellant was required to either move for a new trial or timely appeal the judgment for failure to account for such damages. Filing a separate suit against her UM insurer was not the proper way for appellant to raise such claims; therefore, the trial court appropriately granted State Farm’s motion for summary judgment. Accordingly, we reject the assignment of error raised by appellant.
| fiCONCLUSION
Considering the foregoing, we find that State Farm is entitled to judgment as a matter of law. We, therefore, affirm the summary judgment granted by the trial court. All costs of this appeal are assessed to appellant, Cheryl L. McGeorge.
AFFIRMED.