996 So.2d 561 (2008)
Rafael A. DUBOUE
v.
CBS OUTDOOR, INC., CBS Outdoor Group, Inc. and St. Paul Travelers Insurance Company.
No. 2008-CA-0715.
Court of Appeal of Louisiana, Fourth Circuit.
October 1, 2008.
*562 Clarence F. Favret III, Brad P. Scott, Ashley B. Robinson, Favret, Demarest, Russo, & Lutkewitte, New Orleans, LA, for Plaintiff/Appellant.
Lawrence J. Boasso, Waller & Associates, Metairie, LA, for Defendants/Appellees
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE, Judge DAVID S. GORBATY).
PATRICIA RIVET MURRAY, Judge.
Plaintiff, Rafael Duboue, appeals the trial court's dismissal of his case upon the granting of defendants' motion for summary judgment. For the reasons that follow, we affirm.

FACTS AND PROCEEDINGS BELOW
On August 25, 2006, the plaintiff filed suit against CBS Outdoor, Inc., CBS Outdoor Group, Inc. [hereinafter collectively referred to as "CBS"], and St. Paul Travelers Insurance Company ["Travelers"]alleging that his building was damaged during Hurricane Katrina as a result of CBS's sign, which was attached to the roof of plaintiff's building. The plaintiff alleged that the large advertising sign, which was leased by CBS and insured by Travelers, was not properly attached to the building. The defendants moved for summary judgment asserting that the sole cause of the damage was Hurricane Katrina. On March 28, 2008, the trial court heard the motion and granted it from the bench, issuing a written judgment without reasons on April 4, 2008. This appeal followed.
The sole issue on appeal is whether the trial court erred by granting summary judgment.

STANDARD OF REVIEW
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. La. C.C.P. art. 966(B); Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. Id.; La. C.C.P. art. 966; Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La.1981). When, as in the instant case, the mover will not bear the burden of proof at trial, the mover is not required to negate all essential elements of the adverse party's claim, but only to point out to the court that there is an absence of factual support for one or more of those essential elements. La. C.C.P. art. 966(C)(2). Once the mover has done so, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial, and if he fails to do so, the mover is entitled to summary judgment. Schwarz v. Administrators of Tulane Educational Fund, 97-0222, p. 4 (La.App. 4 Cir. 9/10/97), 699 So.2d 895, 897.

DISCUSSION
In the instant case, the plaintiff contends that the damage to his building during Hurricane Katrina was caused by the placement of the defendants' sign atop the building. In support of their motion for summary judgment, the defendants *563 produced interrogatory responses, the plaintiff's deposition testimony and an Act of Sale showing that the plaintiff purchased the building in 1987 with the sign, which had been erected in the 1950's by a prior owner, attached to the roof. The plaintiff operated an automotive repair business out of the building. A lease produced by the plaintiff in response to discovery showed that in 1992, the plaintiff had leased advertising space on the sign to "Outdoor System Advertising, Inc." for $1200.00 per year.[1] The plaintiff testified in his deposition that he had continued to receive rental payments from the lessee up until August of 2006, and he had not inquired as to why the payments had stopped. The plaintiff also testified that he did not know of any defect in the construction of the sign, and, to his knowledge, the sign had not been repaired, adjusted or moved since he owned the building. He had never had the sign or the roof inspected. According to the plaintiff's testimony, during Hurricane Katrina, the sign remained intact, but the front wall of his building collapsed and water entered through the roof, damaging his tools. At the time of his deposition, the building, which was uninsured, had not been repaired, although the plaintiff continued to operate his business out of it.
In support of their motion, the defendants also produced the affidavit of Larry Jones, a civil engineer who had designed more than six hundred outdoor advertising signs comparable to the one in question and had conducted various studies of hurricane-related damage to building structures, including outdoor signs damaged by Hurricane Katrina. After inspecting and photographing the sign in question, Mr. Jones averred that in his opinion, the sole cause of the damage to plaintiff's building was Hurricane Katrina, whose wind forces exceeded those contemplated by the building code requirements in existence at the time the sign was constructed some forty or fifty years ago. Mr. Jones further opined that the building had been dilapidated and in a state of disrepair prior to Hurricane Katrina. Finally, he noted that he had found no evidence of a design or construction defect associated with the sign.
The plaintiff did not put forth any evidence in defense of the summary judgment motion.
Upon review, we find that the defendants put forth sufficient evidence to establish that the plaintiff's damages were caused by an act of God or, in civil law terms, force majeure. An act of God or force majeure is "an unusual, sudden and unexpected manifestation of the forces of nature which man cannot resist." Greene v. Fox Crossing, Inc., 32,774, p. 5 (La.App. 2 Cir. 3/1/00), 754 So.2d 339, 343 (citing Caldwell v. Let The Good Times Roll Festival, 30,800 (La.App. 2 Cir. 8/25/98), 717 So.2d 1263, 1272). To be caused by an act of God, the plaintiff's injury must be due directly and exclusively to natural causes that could not have been prevented by the exercise of reasonable care. Id. This court has held that two circumstances must exist for the act of God defense to apply: (1) the accident is directly and exclusively due to natural causes without human intervention; and (2) no negligent behavior by the defendant(s) has contributed to the accident. Terre Aux Boeufs Land v. J.R. Gray Barge, 00-2754, p. 8 (La.App. 4 Cir. 11/14/01), 803 So.2d 86, 93.
Considering the above-cited law, to defeat the motion for summary judgment, *564 the plaintiff in the instant case would have had to introduce some evidence indicating negligence on the part of the defendants that contributed to his injury. The plaintiff, however, failed to introduce any such evidence. On appeal, the plaintiff argues, as he did in the trial court, that a hold harmless clause in the 1992 lease between him and the named lessee somehow makes the defendants liable for the damage to his building. This argument fails for three reasons: (1) the lessee named in the lease is not one of the defendants in this lawsuit; (2) the plaintiff has not shown that the lease was in effect at the time the damage occurred; and (3) by its own terms, the hold harmless clause applies only to damage attributable to "negligent acts" of the lessee.
Therefore, as the plaintiff has failed to rebut the defendants' motion with any evidence indicating he will be able to prove that the negligence of defendants contributed to his injury, the trial court correctly granted the motion for summary judgment.

CONCLUSION
Accordingly, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] The corporations named as defendants contend they have no relationship to Outdoor System Advertising, Inc.