DANIEL L. DYSART, Judge.
| ¶ Plaintiff, Hieu Phuong Hoang, was injured in an accident on March 16, 2011, when she collided with a dump truck being driven by Kenneth -Thornton, and owned by Thornton Services, Inc., on Chef Ment-eur Highway in .eastern New Orleans. Following a four-day jury trial, the jury returned a verdict in favor of plaintiff, Hieu Phuong Hoang, finding her fifteen *866 percent at fault for the underlying accident, and defendant, Dwight K. Thornton, Jr., eighty-five percent at fault. The jury awarded plaintiff $754,000. The trial court reduced the verdict by fifteen percent, and rendered judgment of $640,900, in favor of plaintiff and against Dwight K. Thornton, Jr., and his insurer, Mercury Insurance Company of Florida. The trial court dismissed the claims against Thornton Services, Inc., with prejudice.'[1] Last, as the primary insurance coverage provided by Mercury Insurance Company of Florida was not exhausted, the trial court dismissed, with prejudice, State Farm Mutual Automobile Insurance Company (“State Farm”), plaintiffs uninsur,ed/underinsured motorist (“UM”) carrier,
The trial court directed plaintiffs counsel to prepare a proposed judgment and circulate it to all parties. The record indicates that “a defendant” eventually prepared a judgment, to which the trial court made changes and signed on March |⅞25, 2015, Before the judgment was signed, plaintiff filed a Motion for Judgment Notwithstanding the Verdict (“JNOV”)) a Motion' for Additur, and a Motion to Tax Costs, Plaintiff argued that the jury erred in finding her fifteen percent at fault, that the awards for pain and suffering and future loss of wages was unreasonably low, and that Kenneth Thornton was negligent per se in causing the accident. A hearing was set for April 24, 2015, but before it was held, plaintiff also filed a Motion for New Trial against State Farm, which was also set for April 24.
Prior to the hearing -on the motions, plaintiff filed a Partial Motion to Dismiss the remaining defendants, reserving her rights against -State Farm. The trial court heard all four motions on April- 24, and denied the Motion for JNOV and the .-Motion for Additur. Plaintiff withdrew her Motion for New Trial, and the Motion to Tax Costs was continued without date.
Plaintiff now appeals the trial court’s dismissal of State Farm and the jury’s damages award. For the reasons that follow, we affirm.
PROCEDURAL BACKGROUND:
Plaintiff raises four issues for review: 1) The trial court erred in denying plaintiffs request for new trial; 2) the trial court erred in denying plaintiffs Motion for JNOV; 3) the jury erred in finding comparative fault of fifteen percent on the part of plaintiff; and, 4)- the jury erred in awarding plaintiff, only $50,000 for past and future pain and suffering, and only $108,000 for future wage loss.
DISCUSSION:
Plaintiff raises as error the amount of the jury verdict and its finding of comparative ' fault. We therefore must examine these assignments of error.
As stated recently by this Court:
la[T]he allocation of fault is not an exact science, or the search for one precise ratio,” Riley v. Reliance Ins. Co., 97-0445, p. 6 (La.App. 4 Cir. 11/19/97), 703 So.2d 158, 163. “Rather, it is an acceptable range and any allocation by the jury within that range cannot be ‘clearly wrong.’” Id., quoting Clement v. Frey, 95-1119, 95-1163, p. 7 (La.1/16/96), pp. 7-8, 666 So.2d 607, 610-11. “Only after making a determination that the trier of fact’s apportionment of-fault is clearly •wrong can an .appellate court disturb the award, and then only to the extent of lowering it or raising it to the highest or lowest point respectively which is reasonably within the trial court’s discretion.” Duncan v. Kansas City S. Ry. Co., 00-0066, p. 11 (La.10/30/00), 773 So.2d 670, 680-81.
Harper v. State, through Dep’t of Health and Hospitals, 14-0110, p. 14 (La.App. 4 *867 Cir. 9/9/15), 176 So.3d 479, 490, writ denied, 15-1819 (La.1/8/16), 184 So.3d 692.
Here, the jury heard testimony from the plaintiff, plaintiffs neighbor, and plaintiffs expert that the area in which the accident took place was dangerous due to the on-going construction and heavy truck traffic. The jury also had the benefit of graphic evidence and photographs of the area in question. Thus, it would be reasonable for fair-minded jurors to determine that plaintiff should have used greater caution while driving in that area, or that she should have taken an alternate route to avoid the danger. Applying the above-stated standard of review, we cannot say that the jury was clearly wrong in assessing fifteen percent of the fault to plaintiff.
Plaintiff also appeals the amounts awarded to her for the various elements of her injuries. We review damage awards subject to the manifest error/clearly wrong standard^ Stobart v. State, through Dep’t Transp. and Dev., 617 So.2d 880 (La.4/12/1993), and its progeny. The jury heard evidence regarding plaintiffs condition at the time of trial, i.e., her condition continued to improve. • The plaintiff had various levels of cervical disc involvement caused by the accident; however, Rail of her treatment was conservative and no surgical intervention' was ever recommended by the various medical providers, including neurosurgeons, from whom she sought treatment. Plaintiff was released to return to work, with some restrictions. The jury also heard testimony from defendant’s vocational rehabilitation specialist who identified well-paying full and part-time jobs for which plaintiff was qualified. Despite this testimony, the jury awarded plaintiff .both past lost wages ($406,000) and future lost wages ($108,-000). The jury also awarded plaintiff $50,000 for past and future pain and suffering, $50,000 for past and future mental-anguish, and $100,000 for loss of enjoy-, ment of life. The jury interrogatory form indicates that not all jurors agreed- on all aspects of. the award, clearly demonstrating that reasonable ■ minds differed, but were able tó agree, on an amount of award for each element of damages. We thus cannot say that the jury’s award of damages was clearly wrong. ,
Plaintiff admits that she received $725,000 from Dwight K. Thornton and Mercury Insurance, an amount $25,000 below the policy limits.1- However, she argues that her right to recover under her UM-policy should not be affected by the settlement-with a third party. She-relies on Niemann v. Travelers Ins. Co., 368 So.2d 1003 (La.1979). We find Niemann inapposite to the issue before us as it addressed the subrogation rights of a UM carrier, not the exhaustion of the primary policy’s limits.
•■ State Farm argues that the trial court was correct to dismiss it from the lawsuit as it provided excess coverage to plaintiff in the form of UM coverage. As Rthe primary policy, i.e., the tortfeasor’s liability policy, was not exceeded by the jury’s verdict, plaintiff is not entitled to recover under State Farm’s policy. We agree.
Statutory law provides for UM coverage for the purpose of providing full recovery for automobile accident victims who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance. Gray v. American Nat'l Prop. & Cas. Co., 07-1670 (La.2/26/08), 977 So.2d *868 839. An UM carrier has no obligation to pay any portion of an injured insured’s damages within the tortfeasor’s liability policy limits. Rizer v. American Surety and Fidelity Ins. Co., 95-1200, p. 5 (La.3/8/96), 669 So.2d 387, 390; McGeorge v. State Farm Mutual Automobile Ins. Co., 99-2342, p. 6, 771 So.2d 871 (La.App. 1 Cir. 11/3/00). UM coverage is excess coverage; thus a plaintiff has a right to recover from an UM insurer only that portion of his damages which exceeds the limits of the tortfeasor’s liability insurance. McGeorge, supra. In this . cáse, State Farm would be obligated to pay only in the event that the judgment rendered exceeded the $750,000 liability limits of Thornton Services, Inc.’s policy.
Plaintiff was awarded .$640,900 by the judgment of the trial court,, and subsequently settled for $725,000. She is therefore not entitled -to recover from her UM carrier, State Farm, as the underlying liability insurance policy was not exhausted.
Accordingly, for the above reasons, we affirm the jury’s award of damages' and the judgment of the trial court dismissing plaintiffs claims against State Farm, with prejudice.
AFFIRMED.

. The judgment in favor of plaintiff, reduced by her comparative fault of fifteen percent, was $640,900. Thornton Services, Inc.-, was dismissed, with prejudice, at the close of evidence. The "Partial Motion to Dismiss” filed by plaintiff served as a satisfaction of judgment, with plaintiff reserving her rights as to State Farm, ostensibly, on appeal.