LARRY SMITH

VERSUS

GREAT AMERICAN INSURANCE COMPANY,
PROTECTIVE INSURANCE COMPANY,
ANIVAL MARTINEZ, OAKLEY TRUCKING,
INC., AND STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY (IN
ITS CAPACITY AS UNINSURED /
UNDERINSURED MOTORIST COVERAGE
INSURER)

NO. 20-CA-377

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 70,296, DIVISION "C"
HONORABLE J. STERLING SNOWDY, JUDGE PRESIDING

May 26, 2021

**SUSAN M. CHEHARDY**
**CHIEF JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Marc E. Johnson

**<u>AFFIRMED</u>**

    **SMC**
    **JGG**
    **MEJ**

COUNSEL FOR PLAINTIFF/APPELLANT,
LARRY SMITH

    Jason F. Giles
    Brian L. King
    John L. Norris, IV

COUNSEL FOR DEFENDANT/APPELLEE,
PROTECTIVE INSURANCE COMPANY, OAKLEY TRUCKING, INC. AND
ANIVAL MARTINEZ

    M. Davis Ready
    Megan S. Peterson

COUNSEL FOR DEFENDANT/APPELLEE,
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (IN ITS
CAPACITY AS UNINSURED / UNDERINSURED MOTORIST COVERAGE
INSURER)

    James T. Grevemberg

**CHEHARDY, C.J.**

In this personal injury case, plaintiff-appellant, Mr. Larry Smith, appeals the trial court's decision granting summary judgment and dismissing his claims against the defendants-appellees: Mr. Anival Martinez; Mr. Martinez's employer, Oakley Trucking, Inc.; Oakley's insurer, Protective Insurance Company; and Mr. Smith's uninsured motorist carrier, State Farm Mutual Automobile Insurance Company. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 23, 2016, Mr. Martinez was driving a tractor-trailer rig owned by his employer, Oakley, to Oakley's worksite in Reserve, Louisiana, returning from a trip to Georgia. While stopped at a red light in the left lane on West Airline Highway in Laplace, a tornado blew Mr. Martinez's rig over onto Mr. Smith's pickup truck, which was stopped in the right lane at the red light. Pictures taken at the scene corroborate the testimony in evidence that strong winds blew the rig on its side and onto Mr. Smith's truck. Undisputed testimony also established that Mr. Martinez's rig was not moving when the accident occurred.

Mr. Smith filed suit against Mr. Martinez, Oakley, and Protective, and against State Farm, as his UM carrier. Mr. Martinez, Oakley, and Protective filed a joint motion for summary judgment arguing that they could not be held liable because the sole cause of the accident was *force majeure*, or an act of God. State Farm filed its own motion for summary judgment adopting the arguments set forth in the Martinez motion.

In response, Mr. Smith argued that Mr. Martinez should not have been operating the rig on that day due to the threats of inclement weather. According to plaintiff, Mr. Martinez drove the rig with reckless disregard in hazardous conditions. Furthermore, according to Mr. Smith, Mr. Martinez had a heightened

duty under the regulations of the Federal Motor Service Carrier Administration, which, Mr. Smith asserts, required Mr. Martinez to stay off the road while conditions were hazardous.

After a hearing, the trial court granted the defendants' motions for summary judgment and dismissed Mr. Smith's claims with prejudice. Citing the testimony of the investigating officer, Corporal Ryan Leblanc, and *Duboue v. CBS Outdoor, Inc.*, 08-0715 (La. App. 4 Cir. 10/1/08), 996 So.2d 561, 563, *writ denied*, 08-2580 (La. 1/9/09), 998 So.2d 722, the trial court determined that the sole cause of the accident was "directly and exclusively due to the natural causes of a tornado." The trial court also determined that Mr. Martinez was not negligent: "The Defendant was acting with careful regard for the laws of the highway during the collision, as his vehicle was completely stopped at the intersection…. [W]ithout a breach of duty on the part of the Defendant, [w]e cannot find him negligent for this accident." Mr. Smith appeals the trial court's judgment.

## DISCUSSION

A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 A(3). The burden of proof rests with the mover. La. C.C.P. art. 966 D(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Id*. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. *Id*.

We review the denial of a motion for summary judgment *de novo. Bourgeois v. Allstate Ins. Co.*, 15-451 (La. App. 5 Cir. 12/23/15), 182 So.3d 1177, 1181. Under this standard, we use the same criteria as the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Richthofen v. Medina*, 14-294 (La. App. 5 Cir. 10/29/14), 164 So.3d 231, 234, *writ denied*, 14-2514 (La. 3/13/15), 161 So.3d 639.

The party moving for summary judgment must meet a strict standard of showing that the facts are clear and that any real doubt as to the existence of a genuine issue of material fact has been excluded. *Richthofen*, 164 So.3d at 234. If the mover meets this burden, the burden shifts to the non-mover to present evidence demonstrating that material issues of fact remain. *Id.* "Once the motion for summary judgment has been properly supported by the moving party, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion." *Portillo v. Progressive Paloverde Ins. Co.*, 13-815 (La. App. 5 Cir. 3/26/14), 138 So.3d 696, 698.

To prove a claim in negligence under the duty-risk analysis dictated by La. Civ. Code art. 2315, the plaintiff must satisfy five elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of protection argument); and (5) actual damages (the damages element). *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 01-2217 (La. 4/3/02), 816 So.2d 270, 275-76; La. Civ. Code art. 2315.

Here, the trial court ruled that the sole cause of the accident was not Mr. Martinez's negligence but instead was an act of God, or *force majeure*. This Court has explained that *force majeure* is a force of nature that cannot be avoided by the exercise of reasonable care:

> The civilian concept of *force majeure*, meaning a superior or irresistible force, is similar to the common law concept of "Act of God," which has been defined as: "a providential occurrence or extraordinary manifestation of the forces of nature which could not have been foreseen and the effect thereof avoided by the exercise of reasonable prudence, diligence and care, or by the use of those means which the situation renders reasonable to employ."

*Rayfield v. Millet Motel*, 15-496 (La. App. 5 Cir. 1/27/16), 185 So.3d 183, 186 (quoting *Dollar Thrifty Auto Group, Inc. v. Bohn-DC, LLC*, 08-338 (La. App. 5 Cir. 9/30/08), 23 So.3d 301, 304).

Two circumstances must exist for an act-of-God defense to apply: (1) the accident is directly and exclusively due to natural causes without human intervention; and (2) no negligent behavior by the defendant has contributed to the accident. *Duboue*, 996 So.2d at 563. In other words, to overcome a *force majeure* defense when faced with an occurrence involving a superior or irresistible force, the plaintiff must introduce some evidence that the defendant's negligence contributed to the plaintiff's injury. *Id*. at 563-64.

In an effort to establish Mr. Martinez's negligence, Mr. Smith points out that Mr. Martinez testified that he witnessed heavy rainfall for approximately two to three minutes before the accident, and he admitted that he probably should not have continued to drive the rig if there were tornado warnings. Notwithstanding this testimony, the record is devoid of any evidence showing that Mr. Martinez was aware of the local tornado warnings before the accident, nor has Mr. Smith established that Mr. Martinez had a legal duty to continually check local weather

conditions. Our *de novo* review of the record also found no evidence that Mr. Martinez breached any duty of care while stopped at the traffic signal.

Mr. Smith next points to a safety regulation of the Federal Motor Carrier Service Administration, 49 C.F.R. § 392.14, to argue that Mr. Martinez had a "heightened duty" or a "statutory duty" when operating the rig.[1] Yet the alleged violation of a statute or regulation does not automatically, in and of itself, impose civil liability, and our courts have rejected the doctrine of negligence per se. *Faucheaux v. Terrebonne Consol. Gov't*, 615 So.2d 289, 292 (La. 1993); *see also Galloway v. State, Dep't of Transp. & Dev.*, 94-2747 (La. 5/22/95), 654 So.2d 1345, 1347 (finding that the doctrine of negligence per se has been rejected in Louisiana). "Civil responsibility is imposed only if the act in violation of the statute is the legal cause of damage to another." *Faucheaux*, 615 So.2d at 292-93. Here, Cpl. Leblanc observed the condition of the vehicles at the scene, spoke with all parties, and concluded that a tornado was the sole cause of the accident. The record does not establish that Mr. Martinez's actions in response to the weather conditions he encountered before the incident at issue constituted negligence.

We also reject plaintiff's contention that finding *force majeure* to be the sole cause of the accident required the trial court to assume the role of the trier of fact and "weigh the evidence." The record evidence lacks any disputed issues of *material* fact, obviating any need to weigh the evidence at trial. Indeed, the parties

---

[1] Federal Motor Carrier Service Administration section 392.14, "Hazardous conditions; extreme caution", provides:

> Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated. Whenever compliance with the foregoing provisions of this rule increases hazard to passengers, the commercial motor vehicle may be operated to the nearest point at which the safety of passengers is assured.

do not dispute that both the rig and Mr. Smith's vehicle were stopped at a traffic signal when strong winds or a tornado blew the rig onto Mr. Smith's truck—neither vehicle was in motion when the accident occurred. Cpl. Leblanc's testimony, the only evidence of causation, established that the sole cause of the accident was a tornado. Moreover, Cpl. Leblanc's testimony regarding the severity of weather conditions in Laplace immediately before the tornado, even if different from Mr. Martinez's testimony regarding the weather conditions, fails to create a genuine issue of material fact where plaintiff has not established either that Mr. Martinez was aware of the tornado warnings in Laplace, or that he had a duty to check the local weather conditions while operating his rig.

Because we find Mr. Martinez was not negligent, his employer, Oakley, cannot be held vicariously liable under La. Civ. Code art. 2320. The trial court correctly dismissed Mr. Smith's claims against Mr. Martinez; his employer, Oakley; and Oakley's insurer, Protective Insurance Company, with prejudice.

State Farm is plaintiff's uninsured motorist (UM) carrier. UM coverage is "excess" coverage, and a plaintiff has a right to receive from a UM carrier only that portion of his damages that exceed the limits of the tortfeasor's liability insurance. *McGeorge v. State Farm Mut. Auto. Ins. Co.*, 99-2342 (La. App. 1 Cir. 11/3/00), 771 So.2d 871, 873. To recover from a UM insurer, "there must first be a determination that the tortfeasor was liable for damages in an amount in excess of the tortfeasor's policy limits." *Id.* at 874. "The obligation of the uninsured motorist carrier does not begin until the obligation under the tortfeasor's motor vehicle liability policy ends; there is no overlap." *Rizer v. American Sur. & Fid. Ins. Co.*, 95-1200 (La. 3/8/96), 669 So.2d 387, 390. It follows that where there is no liability of the alleged tortfeasor, a UM insurer has no obligation to its insured. As such, the trial court correctly dismissed Mr. Smith's claim against State Farm Mutual

Automobile Insurance Company in its capacity as Mr. Smith's uninsured motorist carrier.

## DECREE

The trial court's ruling granting summary judgment in favor of Mr. Anival Martinez, Oakley Trucking, Inc., Protective Insurance Company, and State Farm Mutual Automobile Insurance Company, and dismissing Mr. Smith's lawsuit with prejudice, is affirmed.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MAY 26, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 20-CA-377

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
BRIAN L. KING (APPELLANT)          JOHN L. NORRIS, IV (APPELLANT)          M. DAVIS READY (APPELLEE)
MEGAN S. PETERSON (APPELLEE)

**MAILED**
ANTHONY J. MILAZZO, III (APPELLANT)          JAMES T. GREVEMBERG (APPELLEE)
JASON F. GILES (APPELLANT)                   ATTORNEY AT LAW
ATTORNEYS AT LAW                             3850 NORTH CAUSEWAY BOULEVARD
2912 CANAL STREET                            SUITE 1700, LAKEWAY TWO
NEW ORLEANS, LA 70119                        METAIRIE, LA 70002