| KHIRY COSEY ON BEHALF | * | NO. 2022-CA-0538 |
| OF HER MINOR CHILDREN, | | |
| CORBIN HILLIARD AND | * | |
| ALYSSA HILLIARD | | COURT OF APPEAL |
| INDIVIDUALLY AND ON | * | |
| BEHALF OF THE ESTATE OF | | FOURTH CIRCUIT |
| REGINALD HILLIARD, JR., | * | |
| ET AL. | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

VERSUS

FLIGHT ACADEMY OF NEW
ORLEANS, LLC; JAZZ
AVIATION, LLC; QBE
INSURANCE CORPORATION;
CHRISTIANSEN AVIATION,
INC.; ABC INSURANCE
COMPANY; SIGNATURE
FLIGHT SUPPORT
CORPORATION; ALLIANZ
GLOBAL CORPORATE &
SPECIALTY SE; THE ESTATE
OF JAMES BIONDO; AND DEF
INSURANCE COMPANY

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-09317  C\W 2016-11198, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
\* \* \* \* \* \*
**Judge Nakisha Ervin-Knott**
\* \* \* \* \* \*
(Court composed of Judge Rosemary Ledet, Judge Tiffany Gautier Chase, Judge Nakisha Ervin-Knott)

Roderick "Rico" Alvendia
Jeanne K. Demarest
Kurt A. Offner
ALVENDIA, KELLY & DEMAREST, L.L.C.
909 Poydras Street, Suite 1625
New Orleans, LA 70112

Cleo Fields
THE FIELDS LAW FIRM, LLC
2147 Government St.
Baton Rouge, LA 70806

Ike Spears
SPEARS & SPEARS
909 Poydras Street, Suite 1825
New Orleans, LA 70112


COUNSEL FOR PLAINTIFFS/APPELLANTS


Leo Raymond McAloon, III
Nicholas Bergeron
GIEGER, LABORDE & LAPEROUSE, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, LA 70139

Darrell K. Cherry
DEUTSCH KERRIGAN, LLP
755 Magazine Street
New Orleans, LA 70130


COUNSEL FOR DEFENDANTS/APPELLEES

**AFFIRMED**
**JANUARY 18, 2023**

Tukeya Jarvis, Dorothy Jarvis, and Thomas Hilliard (hereinafter "Hilliard Family") seek review of the trial court's February 25, 2022 and March 8, 2022 judgments granting The Estate of James Biondo (hereinafter "Biondo Estate") and Flight Academy of New Orleans, LLC, Jazz Aviation, LLC, and QBE Insurance Corporation's (hereinafter "FANO Defendants") (hereinafter collectively "Defendants") motions for summary judgment. After consideration of the record before this Court and the applicable law, we affirm the trial court's February 25, 2022 and March 8, 2022 judgments.

## Facts and Procedural History

On August 27, 2016, Briana Davis (hereinafter "Ms. Davis") made a reservation for herself and her boyfriend, Reginald Hilliard, Jr. (hereinafter "Mr. Hilliard"), with Flight Academy of New Orleans, LLC and/or Jazz Aviation, LLC for a "Big Easy Lights at Night" aerial tour of the City of New Orleans. Later that same evening, Ms. Davis and Mr. Hilliard departed the New Orleans Lakefront Airport for the aerial tour in a Cessna 172, piloted by James Biondo (hereinafter

"Mr. Biondo"). At approximately 8:15 P.M., as the plane approached the runway for the completion of the tour, the plane disappeared from the airport's radar and crashed into Lake Pontchartrain. Ultimately, the plane sank underwater. Ms. Davis escaped the plane and was rescued from the water; however, Mr. Hilliard and Mr. Biondo's conditions were not immediately known.

Around 11:30 P.M., the Hilliard Family – comprised of Mr. Hilliard's mother, Tukeya Jarvis; grandmother, Dorothy Jarvis; and brother, Thomas Hilliard – were notified of the plane crash. The Hilliard Family traveled from their residence in Baton Rouge, Louisiana, to New Orleans, Louisiana, and arrived at the Lakefront Airport between 4:30 A.M. and 5:00 A.M. the next morning. When the Hilliard Family arrived at the Lakefront Airport, they were informed that the location of the plane and Mr. Hilliard and Mr. Biondo's whereabouts and conditions were unknown. The Hilliard Family watched on the shoreline as the Coast Guard proceeded with search and rescue operations and attempted to locate the plane.

On August 28, 2016, the plane was located underwater, and the Coast Guard divers inspected the plane and informed the Hilliard Family that only one body was inside the plane. However, the divers could not determine the identity of the body. Eventually, the plane was lifted out of water on August 30, 2016, and the Hilliard Family was notified that there were two bodies in the plane, one of which was identified as Mr. Hilliard. The Hilliard Family observed as the coroner removed two body bags, one of which contained Mr. Hilliard's body, from the barge carrying the plane. Certain members of Mr. Hilliard's family filed suit against various

defendants, including the Biondo Estate and FANO Defendants on September 15, 2016. In particular, the Hilliard Family filed claims based on La. C.C. art. 2315.6.

On November 22, 2021, the Biondo Estate filed a motion for summary judgment against the Hilliard Family to dismiss with prejudice all their respective bystander claims under La. C.C. art. 2315.6. Additionally, on November 29, 2021, the FANO Defendants filed their own motion for summary judgment, adopting the Biondo Estate's motion, seeking the dismissal of the Hilliard Family's La. C.C. art. 2315.6 claims. Defendants asserted that the basis of their motions was strictly a legal issue grounded in the wording, history, and jurisprudential framework of the statute. The Hilliard Family opposed, arguing that the unique fact-pattern in this case supports the basis for bystander damages under La. C.C. art. 2315.6 and should be left to the jury for assessment and application of the evidence to the law.

The hearing on Defendants' motions for summary judgment was held on February 25, 2022. Ruling from the bench, the trial court found that Defendants did not meet the criteria under La. C.C. art. 2315.6 and granted the motions for summary judgment. The Biondo Estate's judgment was signed on the same day as the hearing; the FANO Defendants' judgment was signed on March 8, 2022. The Hilliard Family timely filed this devolutive appeal.

## Standard of Review

An appellate court reviews a trial court's decision to grant or deny a motion for summary judgment *de novo*. In *Chatelain*, this Court set forth the applicable standard of review as follows:

Appellate courts review the grant or denial of a motion for summary judgment *de novo*, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff['] s cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

*Chatelain v. Fluor Daniel Const. Co.*, 2014-1312, p.3 (La.App. 4 Cir. 11/10/15), 179 So.3d 791, 793 (citation omitted).[1]

## **Motion for Summary Judgment**

It is well settled that "[t]he summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action...." La. C.C.P. art. 966(A)(2). The granting of a motion for summary judgment is contingent upon the pleadings, depositions, answers to discovery, admissions on file and affidavits demonstrating that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. *Duboue v. CBS Outdoor, Inc.*, 2008-0715, p.2 (La.App. 4 Cir. 10/1/08), 996 So.2d 561, 562. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could only reach one conclusion, there is no need for trial on that issue, and summary judgment is

---

[1] Although the summary judgment law, La. C.C.P. art. 966, has been amended multiple times in the past few years and substantially amended with the 2015 legislative amendments to the article, the amendments are not material to our analysis in this case.

appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.,* 1993-2512, p.27 (La. 7/5/94), 639 So.2d 730, 751. "A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Chapital v. Harry Kelleher & Co., Inc.,* 2013-1606, p.5 (La.App. 4 Cir. 6/4/14), 144 So.3d 75, 81 (quoting *Mandina, Inc. v. O'Brien,* 2013-0085, p. 9 (La.App. 4 Cir. 7/31/13), 156 So. 3d 99, 104). Whether a fact is material is a determination that must be made based upon the applicable substantive law. *Roadrunner Transp. Sys. v. Brown*, 2017-0040, p.7 (La.App. 4 Cir. 5/10/17), 219 So.3d 1265, 1270.

On a motion for summary judgment the mover bears the burden of proof but is not required to negate all elements of the adverse party's claim if the mover will not bear the burden of proof at trial. La. C.C.P. art. 966 (D)(1). Thus, La. C.C.P. art 966:

> first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial.

*Babin v. Winn-Dixie Louisiana, Inc.*, 2000-0078, p.4 (La. 6/30/00), 764 So.2d 37, 39. If the adverse party fails to set forth specific facts demonstrating a genuine issue of material fact, summary judgment shall be rendered against the adverse party if appropriate. La. C.C.P. art. 967(B).

5

## Discussion

In their sole assignment of error, the Hilliard Family asserts that the trial court erred in granting Defendants' motions for summary judgment and dismissing with prejudice the Hilliard Family's bystander claims under La. Civil Code art. 2315.6. The Hilliard Family asserts that they presented sufficient evidence to meet its burden under La. Civil Code art. 2315.6. Specifically, the Hilliard Family submits (1) a bystander need not witness the actual injury-causing event in order to meet its burden; (2) the timing of their arrival at the crash site satisfies the temporal and physical proximity to the scene requirement; and (3) they arrived at the scene before any substantial change in Mr. Hilliard's condition.

In *Lejeune v. Rayne Branch Hosp.,* 556 So.2d 559 (La.1990), the Louisiana Supreme Court outlined four circumstances under which mental anguish damages may be recovered, the one pertinent to the present case being:

> A claimant need not be physically injured, nor suffer physical impact in the same accident in order to be awarded mental pain and anguish damages arising out of injury to another. Nor need he be in the zone of danger to which the directly injured party is exposed. He must, however, either *view the accident or injury-causing event* or come upon the accident scene soon thereafter and before substantial change has occurred in the victim's condition. *Id*. at 570 (emphasis added).

The Legislature codified the *Lejeune* decision by enacting La. C.C. art. 2315.6, which provides that certain family members "who view an event causing injury to another person, or who come upon the scene of the event soon thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury." La. Civ. Code art. 2315.6(A). La. Civil Code art. 2315.6 requires, in part, that the plaintiff either view the accident or come upon the accident scene soon after it has occurred and before any substantial change has taken

place in the victim's condition. In *Trahan v. McManus*, 97-1224, pp.11-12 (La. 3/2/99), 728 So.2d 1273, 1279-80, the Louisiana Supreme Court stated:

> The Legislature apparently intended to allow recovery of bystander damages to compensate for the immediate shock of witnessing a traumatic event which caused the direct victim immediate harm that is severe and apparent, but not to compensate for the anguish and distress that normally accompany an injury to a loved one under all circumstances.

This code article "suggests a need for temporal proximity between the tortious event, the victim's observable harm, and the plaintiff's mental distress arising from an awareness of the harm caused by the event." *Id.*, 97-1224, p.11, 728 So.2d at 1279.

The Hilliard Family does not claim that they witnessed the plane crash. Rather, utilizing *Louviere v. Louviere*, 2001-0089 (La. App. 1 Cir. 6/5/02); 839 So.2d 57, the Hilliard Family seek to satisfy the temporal proximity requirement based on the mental anguish and uncertainty they experienced for three days between the time of the crash and confirmation of Mr. Hilliard's death. In *Louviere*, the First Circuit affirmed the jury's award of La. C.C. art. 2315.6 damages to family members of hostages when those family members witnessed the hostage situation unfold nearby. *Louviere*, 2001-0089, pp.22-23, 839 So.2d at 73. The plaintiffs in *Louivere* were at the scene of an ongoing, dangerous hostage incident experiencing the situation in real-time. These circumstances fell within the scope of La. C.C. art. 2315.6 because the emotional distress complained of arose from a contemporaneous experience of "an event causing injury to another person", hostage situation involving their family members. *Id.*, 2001-0089, pp.22, 839 So.2d at 73.

Conversely, in this case, the Hilliard Family's mental and emotional anguish caused by uncertainty over Mr. Hilliard's condition does not establish their physical,

7

temporal proximity to his plane crash. The event which caused Mr. Hilliard's injury and death was the plane crashing into Lake Pontchartrain, not the search and rescue process. It is undisputed that the Hilliard Family were first notified of the plane crash almost three hours after the crash occurred. Further, it is undisputed that the Hilliard Family did not arrive at the Lakefront Airport until eight hours after the plane crash, after the plane sank into the water. The search and rescue situation, while emotional, was not an injury-causing event that caused harm to the direct victim, Mr. Hilliard, as required for recovery of La. C.C. art. 2315.6 damages.

While no one disputes that the Hilliard Family suffered emotional grief due to Mr. Hilliard's death, it is undisputed that the Hilliard Family does not meet the temporal proximity requirement as they were notified and arrived at the Lakefront Airport hours after the crash. Accordingly, the trial court did not err in granting Defendants' motions for summary judgment.

## <u>Decree</u>

For the forgoing reasons, the trial court's February 25, 2022, and March 8, 2022 judgments granting summary judgment in favor of the Defendants are affirmed.

**AFFIRMED**